## STOWE *vs.* MESERVE & a.

A record of a mortgage of personal property, in the town where the mortgagee resides, is of no validity.

A record of a mortgage, after a valid attachment or levy upon the property mortgaged, cannot avail to defeat the creditor's title.

Notice of the existence of an unrecorded mortgage of personal property, seasonably received, may be sufficient to put a party upon enquiry, and charge him with knowledge, if he neglect it.

But such notice merely, received by a creditor after he has procured process, and is proceeding to attach or levy upon the property, is insufficient.

Stowe *v.* Meserve.

Whether actual knowledge of its existence, communicated to the creditor at that time, would avail, *quere?*

TROVER, for two horses; submitted to the court upon a statement of facts.

On the 16th of October, 1838, the plaintiff, residing in Littleton, sold the horses in controversy to one Elias M. Hall, then, and until the commencement of this suit, residing in Bartlett, for $100, to secure the payment of which, Hall mortgaged to him the same horses, and the mortgage was recorded in the office of the town-clerk of Littleton.

Langley, one of the defendants, having recovered a judgment against Hall, sued out an execution, which he delivered to the other defendant, Meserve, a deputy sheriff, with directions to levy upon the property in question.

On the 25th of the same October, the defendants went to Hall's, for the purpose of seizing the horses; and at that time, but before actual seizure, were informed by him that the horses were mortgaged to the plaintiff. They, however, proceeded to seize them, and the defendant, Meserve, in due form of law, advertised and sold them, and applied the proceeds in satisfaction of the execution, which he returned. The sale took place October 29th, at 10 o'clock, A. M. At 25 minutes after 9 o'clock, on the same morning, the mortgage was recorded in the office of the town-clerk of Bartlett, and the defendants were requested to deliver the horses to the plaintiff, but refused.

*Livermore,* for the defendants. The notice which the defendants had of Stowe's mortgage did not amount to that conclusive evidence for which the statute has made provision. The question is, whether it was such as should have put prudent persons upon further inquiry; and we contend that it cannot be held to be of higher verity than those "flying reports which are many times fables and not truths," and which parties are not bound to notice, (2 *Pow. Morg.* 561;) for a poor debtor is under at least an equal temptation to make

such representations concerning his property as shall save it from seizure, with that of idle persons to spread false rumors.

The notice which should have put a prudent person on further enquiry, in a case like this, would be such as to render that enquiry superfluous; for the law will not require him to hazard the benefit of his seizure, to make enquiry for the benefit of a party who has been guilty of laches. 3 *Ves.* 478, *Jolland* vs. *Stainbridge;* 3 *Pick. R.* 154, *McMechan* vs. *Griffing ;* 2 *Johns. Ch. R.* 190, *Day* vs. *Dunham.* It is sufficient that it holds to that enquiry in the case of real property, when he can make it without such risk, and when he can at all times do sufficient to save the benefit of his attachment, or levy, without committing a trespass in the event that the property proves not to be the debtor's.

*Bellows,* for the plaintiff. Whatever puts the party upon enquiry, is sufficient notice. 2 *Fonb.* ch. 6, § 3, *n, m;* 1 *Atk.* 490, *Smith* vs. *Low ;* 2 *Ves. jr.* 437, *Taylor* vs. *Stibbert;* 16 *Ves.* 250, *Daniels* vs. *Davison ;* 1 *Johns. Ch. R.* 267, *Sterry* vs. *Arden ;* 1 *Story's Eq.* 385 ; 4 *Kent's Com.* 789. The law requires no particular mode of notice. 14 *Mass. R.* 296, *Connecticut* vs. *Bradish ; Com. Dig., Chancery,* 4, *C,* 2 ; 2 *Stark. Ev.* 620 ; 33 *Amer. Jur.* 204. In *Porter* vs. *Cole,* 4 *Greenl.* 20, notice by a third person was held sufficient.

The fact should be communicated with a reasonable degree of certainty. If this be done, the party is put upon enquiry.

There is no ground for a distinction between real and personal estate.

PARKER, C. J. The act to prevent fraud in the transfer of personal property by mortgage, passed June 22d, 1832, enacts, " that no mortgage of personal property, hereafter made, shall be valid against any other person than the parties thereto, unless possession of the mortgaged property be

delivered to, and retained by, the mortgagee, or unless the mortgage be recorded in the office of the clerk of the town where the mortgager shall reside at the time of making the same.    2 *N. H. Laws* 58.

Possession of the property in question, in this case, was not taken by the mortgagee; and the record of the mortgage in the place of residence of the mortgagee, instead of that of the mortgager, was not such as is required by the statute. Nor would it naturally give any notice, as that was not the place for persons interested to search for a record.    The plaintiff, therefore, cannot derive any benefit from that record. *Smith* vs. *Moore*, (11 *N. H. Rep.* 55, 64.)

Nor can the record of the mortgage in Bartlett, (where the mortgager resided,) after the attachment of the property, avail to defeat the creditor's title.    Where the creditor has lawfully seized the property, and made a valid attachment, his levy, afterwards made, relates back to the time of the attachment, so far as other conveyances or incumbrances are concerned, and any intermediate record, or notice, will not affect him. 3 *Fairf.* 148, *Emerson* vs. *Littlefield;* 5 *Greenl.* 369, *Stanley* vs. *Perley;* 1 *Metcalf's R.* 212, *Coffin* vs. *Ray.*    Of course the same rule must apply where, as in this case, he has seized the property on execution, and the record is made subsequent to that time, and before the sale.

The only remaining ground upon which the plaintiff attempts to sustain the action is, that actual notice of his mortgage was given to the defendants before the attachment was made.

This, however, was given by the debtor, after the defendant Langley had procured a judgment, and proceeded with his execution for the purpose of levying upon the property; and the question is, whether such notice is sufficient to prevent a creditor from making a valid levy upon his execution.

Questions of this character have most frequently arisen in relation to real estate.    The statute in relation to the conveyance of real estate, provides, that no conveyance in fee

simple, &c., shall be effectual in law to hold such lands, &c., unless the deed thereof be acknowledged and recorded. 1 *N. H. Laws* 533.

The object of the statute, however, being to give notice of the conveyance, it has been held, in numerous cases, in relation to lands, that if a subsequent purchaser or creditor have notice of a prior conveyance, this is equivalent to a record.

Such case has been said to be an implied exception to the statute provision; and in Massachusetts, and perhaps other states, upon a revision of the laws, the exception has been incorporated into the statute itself.

A similar exception has been held to exist in relation to mortgages of personal property, and for the same reason.

Several of the cases say that the notice must clearly appear, but no degree of proof has been established; and it would be difficult to define, precisely, how much evidence is sufficient to make the knowledge clearly appear in each case.

Any notice which is sufficient to put the party upon enquiry, may be enough in the case of subsequent purchasers, and in some cases it is said to amount to constructive notice; but what shall put the party upon enquiry is still somewhat uncertain. 8 *N. H. R.* 264, *Rogers* vs. *Jones ;* 22 *Pick.* 544, *Kendall* vs. *Lawrence.*

In fact, although the exception to the statutory provision has long been settled, the proof necessary to bring the party within it, seems to have been very little considered.

There is no doubt that the statute providing for the recording of conveyances of land, was intended to give notice of such transfers, and prevent frauds; (4 *Greenl.* 27 ;) and where an individual has notice that a conveyance has been made, which is not on record, and afterwards takes a deed of the same land from the grantor, or attaches and treats the land as his property, the provision of the statute, if literally interpreted and enforced, would, in many instances, instead of preventing fraud, assist the party in committing one.

On the other hand, it cannot well escape observation that the statutes designed to provide a place where parties might resort in order to ascertain the true situation of titles, and that the exception to the statute, which introduces parol proof instead of record evidence, may, in some cases, subject a party to the loss of an estate, by mistaken evidence tending to show notice ; and, moreover, affords an opportunity for the commission of fraud and perjury, by the introduction of false evidence that the party had such notice.

It is very clear, therefore, that the exception should be carefully guarded.

If we look to the reasons on which the exception has been founded, a notice cannot be sufficient, under circumstances where it would operate as a fraud instead of preventing one. And to hold that a notice to a creditor may be effectual when it is not given until he has procured his process, and is about to attach the property, would most effectually encourage fraud. In fact, if notice by the debtor to the sheriff were held sufficient, it would almost render nugatory the statute requiring mortgages of personal property to be recorded ; for if the mortgagee could depend upon the custody, care, and diligence of the mortgager, it would not be necessary to record any such mortgage. It would only be necessary, when any one came to attach, that notice should be given. Such an operation of the exception cannot be admitted.

The tendency of recent decisions is to confine the exception within reasonable limits. It has been held that knowledge in the officer is not sufficient. *5 Greenl.* 369. So notice to a husband, at the time of receiving a conveyance to himself and wife, of a prior unregistered mortgage on the land conveyed, will not operate as notice to the wife, so as to give the mortgage a preference to her title, especially where she pays the whole consideration for the conveyance, out of her separate estate. *Snyder* vs. *Sponable*, 1 *Hill's N. Y. Rep.* 567.

If it be difficult to say under what precise circumstances,

and at what precise time, the creditor must have knowledge of the existence of the mortgage, in order to render an attachment ineffectual, it must at least be such reasonable notice that the omission to record will not operate as a trap for creditors.

And we are of opinion that a notice which merely puts the party upon enquiry, received after the creditor has caused a writ to be issued for the purpose of attaching the property, and is proceeding to execute it; and, *a fortiori*, where he has obtained a judgment, and is proceeding to levy his execution before the notice is given; is not such a notice as can avail to bring the case within the exception.

What would be the effect of actual knowledge of the existence of a deed, communicated to a creditor who has procured his process, and is about to levy upon the property, it is not necessary now to determine. In this case, no such knowledge appears. The evidence only shows an allegation of the debtor himself, that he had executed a mortgage. This at most would be only matter to put the creditor upon enquiry. But he had then no opportunity to make any, without abandoning his purpose of attachment; for if the notice could be held available for any purpose, the creditor must have suspended his proceedings until he could have investigated the subject, at the risk of losing his opportunity to attach, or he must have proceeded under the penalty of being a trespasser, if the mortgage were found afterwards actually to exist.

Information of that character, from such a source, at such a time, is in no sense " equivalent to a record." Nor can the fact that the creditor proceeded, notwithstanding, to levy his execution, be regarded as a fraud upon the plaintiff, who had neglected to give a legal notice by placing his mortgage upon record.

*Plaintiff nonsuit.*