## DANIEL F. McCARTHY *vs.* JOHN GRACE.

### October 24, 1876.

Chattel Mortgage—Burden of Proof of Change of Possession.—When a party claims under a chattel mortgage, the burden is upon him to show any delivery or change of possession of the things mortgaged which may be necessary to make the mortgage valid.

Same—Void as against Levying Creditor without Notice, unless Filed.—When a chattel mortgage is not accompanied by an immediate delivery, and followed

by an actual and continued change of possession of the things mortgaged, though it appears to have been executed in good faith, and not for the purpose of defrauding any creditor, it is void as against a levying creditor of the mortgagor, (having no notice of the existence of the mortgage,) unless it has been duly filed within two years before the levy.

**Same—Notice to Sheriff making Levy is not Notice to Judgment Creditor.—The** fact that the sheriff who makes the levy is the mortgagee in a chattel mortgage upon the things levied upon, is not notice to the levying creditor of the existence of the mortgage.

Appeal by plaintiff from a judgment of the court of common pleas of Ramsey county, where the action was tried before *Simons,* J., a jury being waived.

*W. P. Warner,* for appellant.

*W. D. Cornish,* for respondent.

BERRY, J. The following facts are found by the court by which this action was tried below:

C. M. McCarthy, being the owner of certain goods, comprising the outfit of a printing office, and of the value of $1,000, on September 24, 1872, mortgaged the same to defendant to secure certain notes amounting to $1,500. On September 25, 1872, the mortgage was duly filed in the office of the city clerk of the city of St. Paul, where both parties to the mortgage then resided, and where the mortgaged property was, and ever since has been, situated. On January 9, 1875, an execution in favor of the St. Paul Press Company, and against C. M. McCarthy and another as partners, was duly issued and delivered to the defendant, then, and ever since, sheriff of Ramsey county, and upon the same day duly levied by him upon the goods before mentioned, which were then the property of said McCarthy. The St. Paul Press Company had no knowledge or notice of the existence of the mortgage, until after the levy of the execution. After the levy, and on or about January 15, 1875, and while the goods levied upon were in the possession of the sheriff under the levy, C. M. McCarthy executed and delivered to plaintiff, D. F. McCarthy, a bill of sale, whereby, for a valuable consideration, he sold and assigned

to him the goods mentioned. On January 16, 1875, the defendant, for a valuable consideration, assigned to plaintiff the mortgage and notes secured thereby, and the assignment was filed in the office of the city clerk of St. Paul March 19, 1875. Defendant, as sheriff, advertised the goods aforesaid for sale upon the execution according to law, but no part of the property was sold by him, and no part of the judgment has been paid. On April 19, 1875, the goods levied upon were taken from defendant's possession by the coroner of Ramsey county, upon proceedings in the present action. As conclusions of law, the court below found that the St. Paul Press Company was a creditor in good faith of C. M. McCarthy, and that the mortgage, so far as the levy was concerned, was null and void; that the levy and the lien thereby created were not affected by the sale to the plaintiff; and that the defendant, as sheriff, was entitled to judgment for the return of the goods, or for the amount of the judgment upon which the execution issued, etc.

Gen. St. c. 39, § 1, enacts that "every mortgage on personal property, which is not accompanied by an immediate delivery, and followed by an actual and continued change of possession, of the things mortgaged, shall be absolutely void as against the creditors of the mortgagor, and as against subsequent purchasers and mortgagees in good faith, unless it appears that such mortgage was executed in good faith, and not for the purpose of defrauding any creditor, and unless the mortgage or a true copy thereof is filed as hereinafter provided." Section 3, as amended by Laws 1870, c. 59, enacts that "every mortgage filed in pursuance of this chapter shall be held and considered to be full and sufficient notice to all parties interested of the existence and conditions thereof, but shall cease to be notice as against the creditors of the mortgagor, and subsequent purchasers and mortgagees in good faith, after the expiration of two years from the filing thereof."

1. At the outset the plaintiff claims that there is no find-

ing in the case that the mortgage was not accompanied by immediate delivery, and followed by an actual and continued change of possession, of the things mortgaged, so that the mortgage would be good against creditors, irrespective of any consideration of notice or filing. There are two answers to this claim. *First*, the finding, fairly construed, manifestly includes and proceeds upon the assumption and basis that there was no such delivery or change of possession; *second*, if this was not so, the burden of establishing the validity of the mortgage under which he claims is upon the plaintiff, and it is, therefore, for him (if for any one) to show any delivery and change of possession necessary to its validity.

2. Whether a creditor can be affected by actual notice of the existence of a mortgage, without the filing thereof, is a question not raised, and, therefore, not considered in this case. It having been expressly found by the court below that the creditor in this instance (the St. Paul Press Company) had no notice of the existence of the mortgage until after the levy of the execution, the question presented is whether a chattel mortgage, when it is not accompanied by an immediate delivery, and followed by an actual and continued change of possession, of the things mortgaged, though it appears to have been executed in good faith, and not for the purpose of defrauding any creditor, is void as against a levying creditor of the mortgagor (having no notice of the existence of the mortgage) unless it has been duly filed within two years before the levy.

This question must be answered in the affirmative, for the effect of the statute in such case is to make the mortgage void as respects such creditor, unless, at or before the time of his levy, he has notice of the existence and contents of the mortgage, under the operation of the statutory provisions in reference to filing. In the case at bar the mortgage was filed September 25, 1872, so that the filing had ceased to be notice when the levy was made, on January 9, 1875.

As respected the levying creditor, the mortgage was, therefore, void, unless this result was prevented by the fact that the sheriff who made the levy was the mortgagee. As such mortgagee, the sheriff had notice of the existence and contents of the mortgage; and the plaintiff contends that notice to him was, in law, notice to the Press Company, for which the levy was made. Even if it be admitted that the Press Company could be affected by any other notice than that furnished by the filing of the mortgage, we are unable to see how the plaintiff's position can be maintained. To give to the notice to the sheriff the effect of notice to the company, there must have been some privity between the two—the sheriff must have been the representative or agent of the company. But there is nothing of the kind in the case A sheriff, in making a levy, acts not as the agent of the execution creditor, but as the officer of the law. *Armstrong* v. *Vroman*, 11 Minn. 220; *Horton* v. *Maffitt*, 14 Minn. 289.

In addition to these considerations, we are strongly inclined to the opinion that the sheriff, and the plaintiff who claims under him, are estopped to set up the mortgage as against the levy, by the fact (as found by the court below) that the levy was made " upon the whole" of the goods described in the mortgage, instead of upon the mortgagor's right in the goods, or upon the goods subject to the mortgage.

Judgment affirmed.