THOMAS and another, Appellants, vs. RICHARDS, Respondent.

October 17 — November 1, 1887.

*Attachment:* Conditional sale, effect of failure to file contract: Notice: Question for jury: Waiver.

1. A sheriff's return on a summons and complaint, that he served the same upon the defendant, at a specified time and place, by leaving a true copy at his last usual place of abode, in the presence of a member of his family of suitable age and discretion, whom he informed of its contents, and that he could not find the defendant, is sufficient to confer jurisdiction upon the court to render judgment by default against the defendant. The subsequent failure to serve, in the same way, copies of the writ of attachment, affidavit and undertaking in the same suit is excused, where it appears that the defendant was a mere boarder at the house where service was made, and had in the meantime absconded to parts unknown. Such absconding is a waiver of service thereof.

2. A contract by which manufacturers agree to sell machines to a dealer, at certain prices, which he is to make all reasonable effort to sell, and when sold is to see are properly set up and operated, and is not to take the agency for or sell any other like machines, and is to give his note for the price when requested, "the title to. and ownership of, all machines shipped under the contract shall remain in, and their proceeds in case of sale shall be the property of (the vendors) and subject to their order until full payment shall have been made for same," *held* to be a conditional sale, and void as against creditors of the vendee having no notice thereof if not filed as required by statute. *Rawson Mfg. Co. v. Richards, ante,* p. 643, followed.

3. The fact that the sheriff, when executing the attachment, found the conditional contract of sale, under which the defendant held the attached goods, among the papers of the latter, is not sufficient to charge him with actual notice thereof, so as to defeat the attachment.

4. Nor is it sufficient to defeat the attachment to show notice of such contract to the sheriff alone, but it must be brought home to the attaching creditor.

5. The question whether the attaching creditor, or its agent, or the sheriff who served the writ, knew or had reasonable cause to believe that the defendant held the attached goods under a conditional contract of sale, not filed as required by law, should be submitted to the jury, where the evidence on that subject is not conclusive.

APPEAL from the Circuit Court for *Grant* County.

The following statement of the case was prepared by Mr. Justice CASSODAY:

Among the machines attached by the defendant herein as sheriff of Grant county, by virtue of the attachment mentioned in the statement of the case of *Rawson Mfg. Co. v. Richards, ante*, p. 643, decided herewith, were, thirty-three sulky hay rakes and two Thomas hay tedders, alleged to be the property of the plaintiffs herein, doing business at Springfield, Ohio, under the firm name of J. H. Thomas & Sons, and of the value of $700, and wrongfully taken and wrongfully detained by the defendant; which rakes and tedders were received by Lomas from the plaintiffs under the contract hereinafter mentioned, and for the recovery of which, and damages for such detention thereof, this action is brought and, in case a recovery of said rakes and tedders cannot be had, then additional damages to the amount of their value. The sheriff justified under said attachment. The sheriff's return in the attachment suit as to the service of the summons and complaint is to the effect that he served them on the defendant therein, Thomas L. Lomas, on August 26, 1886, " by leaving a true copy thereof at his last usual place of abode, in the presence of S. W. Rogers, a member of his family, he being a person of suitable age and proper discretion, to whom 'he informed its contents at Fennimore' aforesaid;" " said Lomas, after due and diligent search, not being found in" said " county, or within the state of Wisconsin."

The contract between the plaintiffs herein and Lomas was in writing, dated February 23, 1886, and is to the effect that said plaintiffs therein bargained and agreed to sell to Lomas, on the conditions therein named, the several machines therein described, to be delivered on the cars at Springfield, Ohio, between January 1, and June 15, 1886, at the respective prices named, with interest at the rate of seven per cent. after due — discount for cash, one per cent. per month be-

tween May 1, and September 1, 1886; but failure to ship between said dates, unless machines have been otherwise ordered, by letter or in person, by Lomas, and reasonable time allowed for such shipment, is not to release him from his obligation to take them. Said machines were warranted to be made of good materials, and to do good work when properly set up and adjusted and used according to directions. If any part of such machines proved defective, the plaintiffs were to have the right to replace them, and no machine was to be condemned on account of such defect if the same be made good.

Lomas agreed to examine the machines on arrival, and to notify the plaintiffs if there should be any shortage or defective parts, and give reasonable time to replace them, or the plaintiffs were not to be held responsible for any shortage or defects. Lomas agreed to see that all machines sold by him were properly set up and operated as per directions when started to work, and be governed by instructions on the back of the contract. Lomas agreed to receive the machines on arrival, pay freight and charges thereon from the factory, and take proper care thereof; and, in case of neglect or refusal, the plaintiffs were at liberty to take the care of, and control over, the same, to avoid damage, injury, or loss, and hold them on storage for Lomas, or dispose of them to the best advantage;— but without releasing him from his obligation to pay for the same as therein provided, and from any loss, damage, or expense the plaintiffs might sustain, or be put to, in looking after, taking care of, or re-selling the same by reason of the neglect or refusal of Lomas to carry out his agreement therein made. Lomas agreed to make all reasonable effort to sell said machines, and not take the agency, nor in any way become interested in the sale, of other sulky rakes or hay tedders. Lomas agreed that the title to, and ownership of, all machines shipped under the contract, should remain in, and their proceeds

in case of sale be the property of, the plaintiffs, and subject to their order until full payment should be made for the same by Lomas to their acceptance; but without in any way releasing Lomas from making payment as agreed. The plaintiffs therein reserved the right to revoke the contract at any time, if Lomas failed to discharge any obligations thereby entered into, or if they had reason to believe Lomas unable to perform them; and without being liable to Lomas for damages by reason of such revocation; and upon such revocation all the indebtedness of Lomas should then be due. Lomas agreed to give his note to the plaintiffs for said machines whenever so requested after shipment, but final and entire settlement to be made by September 1, 1886. If Lomas found he had more machines than his trade required when the retail selling season came, and if at his desire the plaintiffs should order away any machines, Lomas was to ship them promptly, in good order, and complete, as directed by the plaintiffs, free and clear of all freight and charges whatsoever; but nothing therein was to be construed as obligating the plaintiffs to order away any machine unless they elected so to do.

At the close of the trial the jury returned a verdict in favor of the defendant herein; and from the judgment entered thereon the plaintiffs bring this appeal.

For the appellants there was a brief by *Clark & Mills*, and oral argument by *J. T. Mills*. Among other things, they contended that it was not necessary for the appellants to file their contract with Lomas, under sec. 2317, R. S., in order to protect their rights in the machines against his attaching creditors. It was not agreed nor contemplated that the machines should remain in his possession, but they were to be sold. In New England and New York, such contracts are considered, not as sales, but as mere proposals to sell. *Coggill v. H. & N. H. R. Co.* 3 Gray, 549; *Gilbert v. Thompson*, id. 550, note; *Ballard v. Burgett*, 40 N. Y. 314; *Hunter*

*v. Warner,* 1 Wis. 147; *West v. Bolton,* 4 Vt. 558. The object of that statute was to protect the title of the vendor while the property was in the possession of the vendee. It will not protect such title if the contract permits the vendee to sell the property as his own, and this court has not been called upon to pass on contracts of the latter character. The appellants' contract with Lomas only made the latter their agent, according to the uniform and well established custom of dealers in such machines. He had no attachable interest therein until he had paid for them, but they and their proceeds remained the property of the appellants. This custom was well known, and nobody was deceived as to the title. *Bunn v. Valley L. Co.* 51 Wis. 380; *Wood v. Hustis,* 17 id. 419; *Thrasher v. Tyack,* 15 id. 258; *Van Nostrand v. Mansfield,* 16 id. 238. The attaching creditors had notice of the title under which Lomas held these machines, as he was their agent also, and their collecting agent and the sheriff knew of it by its coming into their possession at the time of the levy, so that those creditors were chargeable with notice thereof. *Shafer v. Phœnix Ins. Co.* 53 Wis. 368; Wade on Notice, sec. 11. The writ of attachment in this case was not served at all. *Thatcher v. Miller,* 11 Mass. 413; Waples on Attachment, p. 230.

For the respondent there was a brief by *Orr & Lowry, J. D. Wilson,* and *Carter & Cleary,* and oral argument by *W. E. Carter.* To the point that it is the special object of sec. 2317, R. S., to protect purchasers who buy without notice that their vendor has not good title, they cited *Lillie v. Dunbar,* 62 Wis. 202; *Williams v. Porter,* 41 id. 428; *Kimball v. Post,* 44 id. 476; *Bunn v. Valley L. Co.* 51 id. 378.

CASSODAY, J. The substance of the contract between the plaintiffs and Lomas, thus stated, made the shipment under it a conditional sale, within the provisions of sec. 2317, R. S. It is stated in the charge of the court to the jury,

that "the proof shows that this contract was not filed as required by this section." We find no exception to this statement of fact, and it must be treated as a verity in the case. Besides, this statement is not contradicted by the manifest inadvertence that it was not filed "prior to February 26, 1886," only three days after its date and before any shipment had been made, and hence before there was any occasion to file it. Had there been any evidence contrary to this statement in the charge, the court's attention should have been called to it at the time. The court submitted to the jury the question, in effect, whether, at the time of levying the attachment, the defendant, or the Milwaukee Harvester Company, or its agent, knew of, or had reasonable cause to believe in, the existence of such contract, or that Lomas was not at the time the owner of such machines. This was not error. *Rawson Mfg. Co. v. Richards, ante,* p. 643.

. Exception is taken because the court instructed the jury, in effect, that to charge the sheriff with notice under that section, they must find that he knew, either that such machines had been shipped under the contract and not paid for, or that he had reasonable cause to so believe. Assuming this to have been error in the abstract, still the only notice disclosed in the evidence is, in effect, that in executing the attachment, a copy of the contract was found with other papers of Lomas in the safe. Such a discovery made at such a time, should not, in our judgment, defeat such attachment; and hence the error, if any, was immaterial. Besides, we are inclined to think that such notice, to be effectual, must be brought home to the party in interest, and not merely to the sheriff, who is the agency of the law and a mere nominal party. The return of the sheriff, as to the service of the summons and complaint as stated, seems to have been in compliance with subd. 4, sec. 2636, R. S., and hence sufficient to give the court jurisdiction to

enter judgment on default, as it did, against Lomas. *Healey v. Butler*, 66 Wis. 9.

It appears from the return indorsed upon the writ of attachment, that the machinery in question was attached on the day the summons and complaint were served; that sixteen days thereafter other property described, of Lomas, was also attached, by the same writ, and all held subject to the order of the court. The sheriff further returned thereon, that, after due and diligent search, he was unable to find the defendant therein — Lomas — within Grant county, or within the state of Wisconsin. No objection is made to the sufficiency of the affidavit, undertaking, inventory, or appraisement. The attachment papers were all filed with the clerk of the court, September 13, 1886, and within twenty days from the receipt of them by the sheriff, as required by sec. 2734, R. S. The court certainly acquired jurisdiction over the machinery in question by virtue of the seizure on the attachment. But it is urged that the attachment became a nullity by reason of failure to leave copies of the writ, affidavit, undertaking, and inventory with Rogers, as provided in sec. 2736, R. S. The reason given in the return for leaving copies of the summons and complaint with Rogers, were, that he was then a member of Lomas' family, of suitable age and proper discretion. On the motion for a new trial, based in part upon such alleged defective service, it appeared, in effect, that Rogers was the keeper of a hotel at Fennimore during the year 1886; that in August of that year, and for several months immediately prior thereto, Lomas was a guest and boarder of his at said hotel; that during that time Lomas was a single man having no other family; that in August, 1886, Lomas' absconded to parts unknown. Upon these facts, the failure of the sheriff to leave such copies of the attachment papers with Rogers, the same as he had of the summons and complaint eighteen days before, seems to have been excusable. The only pur-

pose of leaving such copies is to furnish information of what has been done, to the defendant in the attachment. The same section provides that "in case of a non-resident or a foreign corporation, the sheriff shall serve such copies on *any agent* of such defendant in the county, *if any be known to him.*" We are not aware of any statute purporting to nullify such attachment by reason of such failure to leave copies. A statutory condition subsequent to the acquisition of jurisdiction may be dispensed with or waived; especially where such statute is for the benefit of the party waiving the same, and no public right or policy is thereby invaded. *Winner v. Hoyt*, 66 Wis. 227. Certainly, the defendant in attachment may waive such service by absconding from the county and state. There seem to be no other questions presented, requiring attention.

*By the Court.*— The judgment of the circuit court is affirmed.