[No. 1301, August 16, 1910.]

EMMET WIRT, EUGENIO GOMEZ and FELIX GARCIA, a Copartnership Doing Business Under the Firm Name and Style of Wirt, Gomez & Company, Appellants, v. GEORGE W. KUTZ & COMPANY, Appellees.

SYLLABUS (BY THE COURT.)

1. This court will not on appeal disturb the verdict of a jury when supported by any substantial evidence. Candelaria v. Miera, 13 N. M. 361.

2. In this case the jury gave as incident to the recovery by defendant of certain sheep "damages in double the amount of the value of the wool taken from the sheep replevined during their detention, Wool 520 pounds, 10 cents per pound," held that such damages are not recoverable under sub-section 239, chapter 107, Laws of 1907, which allows double damages for the use of the property from the time of delivery.

Wirt et al, v. Kutz & Co.

3. Error alleged in variance between verdict and judgment; the record in this case examined and held that the judgment was correct.

4. Where an action is brought by certain persons described as a "copartnership doing business under the firm name and style of, etc.," and judgment is rendered against the copartnership and not against the individuals composing it; held that this court will supply the omission of the individual names by ordering them inserted in the judgment. Sub-sec. 94, sec. 2685, C. L. 1897.

Appeal from the District Court for Rio Arriba County before JOHN R. McFIE, Associate Justice. Affirmed upon Remittitur.

A. B. RENEHAN for Appellants.

The value of the sheep and wool must be at a time proper to the issue. 13 Enc. Ev. 557, 565, 566, 567 n. 7, 8; Mining Syndicate Co. v. Fraser, 130 U. S. 611; Chapman v. Kerr, 80 Mo. 158 and cases cited; Mix v. Kepner, 81 Mo. 93; White v. Storms, 21 Mo. App. 288; Cattle Co. v. Mann, 130 U. S. 78; Dewey v. Highland, 69 Iowa 504; Tiedeman on Sales, sec. 231; Winter v. Landphere, 42 Iowa 471; Thorpe v. Cowles, 55 Iowa 408; Kellogg v. Lovely, 46 Mich. 131; 34 Cyc. 1534 n. 94, 1560(2), 1562(3).

The judgment must conform to the verdict, findings and pleadings. Smith v. Dinneen, 70 N. Y. S. 477; 34 Cyc. 1531 n. 68, 1540 n. 53; 23 Cyc. 821; 11 E. P. & P. 903, 906, 910, 911; Kennon v. Gilmer, 131 U. S. 29; Colonization Society v. Reed, 25 Texas Sup. 353; Horse Importing Co. v. Novak, 95 Iowa 602; McCartney v. Hubbell, 52 Wis. 360; Dorsett v. Crew, 1 Colo. 20; 6 E. P. & P. 905, n. 172.

When in an action at law a joint liability is charged, judgment cannot be entered separately against one of the parties. Ruppe v. Lumber Association, 3 N. M. 397; 11 Enc. P. & P. 848 n. 1, 850 n. 1; 11 Ired. 321; Bank v. Allen, 68 Mo. 474; 23 Cyc. 862 n. 96.

HANNA & WILSON for Appellee.

As a general principle the return of an officer is conclusive upon the parties of the facts which are set forth therein, but it has been authoritatively decided that a sheriff's return is only *prima facie* evidence of the facts therein stated and may be shown in law as in equity to be untrue. Stevens v. Williams, 46 Iowa 540; Miller v. Marks, 20 Mo. App. 369; Kockman v. O'Neil, 102 Ill. App. 475; 66 N. E. 1047, 202 Ill. 110; Newman v. Greeley State Bank, 92 Ill. 638; Bick v. Hawley & Hoops, 105 N. W. 688, 129 Iowa 406.

The rule as to the assessment of values seems to be, when plaintiff recovers, that the values must be of the date of the trial, but it is otherwise where values are assessed upon a verdict for defendant. In the latter case the assessment of values must be as of the date when the property was taken. Sherman v. Clark, 24 Minn. 37; Willison v. Smith, 1 Mo. App. 174, 60 Mo. App. 469; Werner v. Graley, 54 Kan. 383, 38 Pac. 482; Pratt v. Welcome, 92 P. 500, 6 Cal. App. 475; Black v. Black, 74 Cal. 520, 16 Pac. 311; Drake v. Auerbach, 37 Minn. 505, 35 N. W. 367.

The evidence was sufficient to sustain the verdict which will not be disturbed by the appellate court, unless it clearly appears that there was no evidence to sustain the verdict, and a legitimate inference such as the jury evidently drew from the evidence will not be disturbed by the appellate court. Corcoran v. Albuquerque Traction Co., 103 Pac. 645, N. Mex.; Zanz v. Stover, 11 N. Mex. 29; Badeau v. Baca, 11 N. Mex. 194; Candelario v. Miera, 13 N. Mex. 360, 362.

A verdict for damages will not be disturbed as excessive if there is any evidence to support the verdict. North & Douglas v. Woodland, 85 Pac. 215, 12 Idaho 50; Braegger v. Railroad Co., 68 Pac. 140, Utah; sub-sec. 239, Code Civil Procedure 1907; Doherty v. Enterprise Mining Co., 50 Cal. 187; Holdredge v. McCombs, 66 P. 1048, 63 Kans. 889; City of Stillwater v. Swisher, 85 P. 1110, 16 Okl. 585; Alabama M. Ry. Co. v. Brown, 29 So. 548, 129 Ala. 282; Harding v. Harding, 85 P. 423, 36 Colo. 106; Burr v. Harty, 52 A. 724, 75 Conn. 127; City of Anderson v.

O'Conner, 98 Ind. 168; 34 Cyc. 1562, sec. 3; Barness v. Bartlett, 15 Pick., Mass. 71; Dodge v. Runels, 20 Nebr. 33, 28 N. W. 489.

A judgment against the firm in the firm name is irregular, but not void. Meyer v. Wilson, 76 N. E. 748, 166 Ind. 651; Justice v. Meeker, 30 Pac. 207; Mueller v. Kinkead, 113 Ill. App. 132; Compiled Laws of 1897, sec. 2943; Lewinson v. First Nat. Bank of Albuquerque, 70 Pac. Rep. 567, N. Mex.

## OPINION OF THE COURT.

MECHEM, J.—This was an action of replevin, tried before a jury and resulted in a verdict and judgment thereon against the appellants.

1. Appellants assign error in that the verdict is contrary to the evidence and not sustained by it.

This court, in the case of Candelaria v. Miera, 13 N. M. 361, laid down the rule, that a verdict of a jury will not be disturbed in this court when supported by any substantial evidence.

We have examined the record as to the matters pointed out by counsel for appellants in this connection and find ample evidence to sustain the verdict, except that part of it, that gives the defendants damages as follows: "And damages in double the amount of the value of wool taken by the plaintiffs from the sheep replevined during their detention. Wool 520 lbs. 10 cts a pound." The wool was recoverable in this action under the pleadings and the evidence or its value in the alternative, but not as damages. Our statute allows as part of the recovery in replevin "double damages for the use" of the property from the time of delivery, chap. 107, sec. 239, Laws 1907, but the property recovered by defendants was the sheep and wool. The statute also gave them as incident to the recovery of the specific property double damages for its use, and the value of such use could only be estimated on its ordinary market price. 34 Cyc. 1563.

No evidence of that market price was introduced and it would be rather difficult to show that the property in-

volved in the action had any use as that term is generally understood. Cobbey on Replevin, sec. 888.

2. Counsel for appellants seriously urges for our consideration a variance which he says exists between the verdict and the judgment.

Our attention is called to the record, where it appears by the verdict that 5.20 pounds of wool were found to have been taken by plaintiffs from the sheep during the time they were replevined.

The judgment is rendered on the basis of five hundred and twenty pounds.

The clerk's minutes, in which the verdict is placed of permanent record, contains the words: "Wool five hundred and twenty pounds." The evidence was sufficient to sustain a finding that plaintiffs did shear five hundred and twenty pounds of wool from the sheep.

The original of the verdict is not before us. In view of this fact, and further that from the judgment, the record of the court made by the clerk and the evidence at the trial, it is possible to draw no other conclusion but that there is a mistake in the transcript and that the verdict was for five hundred and twenty pounds of wool. This contention in our opinion attaches too much importance to a matter of punctuation. Ewing v. Barnett, 11 Pet. (U. S.) 41; 32 Cyc. 1262.

3. This action was brought by "Emmett Wirt, Eugenio Gomez and Felix Garcia, a copartnership doing business under the firm name and style of Wirt, Gomez and Company."

The appellants allege error because a judgment was rendered against them as a copartnership instead of against them individually.

The omission of the names of the individual plaintiffs will be inserted here and the judgment corrected to correspond with the complaint. Sub-Sec. 94, Sec. 2685, C. L. 1897.

For the reason that it appears that the appellee in his answer alleged the wrongful taking by the appellants of wool, and the evidence being sufficient to sustain the finding by the jury that appellants had taken five hun-

dred and twenty pounds of wool of the value of ten cents per pound, from the sheep during the time they were replevined, the judgment of the lower court will be affirmed upon the appellee filing a remittitur of $52.00, within 15 days from this date. Otherwise the judgment will be reversed.