(No. 1600, November 28, 1914)

CHARLES L. HUNT, Appellee, vs. OSCAR O. GRAGG, Special Master and LUCINDA JORDAN, Appellants.

SYLLABUS BY THE COURT.

1. The words "in good faith" in Sec. 2362, C. L., 1897, construed to apply to purchasers of mortgaged chattels.

P. 455

2. The words "good faith" used in this section are synonymous with "without notice."

P. 455

3. The omission to re-file a copy of a chattel mortgage as provided by Sec. 2362, C. L. 1897, does not affect its validity as against a subsequent purchaser with actual notice of the existence of such mortgage and that it is unsatisfied.

P. 455

Appeal from District Court, Quay County; Thomas D. Leib, Presiding Judge. Reversed, with directions.

ALLDREDGE & SAXON, for appellants.

Question of punctuation of statutes. 102 Me. 401; A. & E. Ann. Cs., Vol. 10, p. 1080; 105 U. S. 77; 53 Fed. Rep. 81; 3 C. C. A. 440; 1 Pa. L. J. 291; 13 Fed. Cases No. 7086; 68 Ala. 296; 47 La. Ann. 1167; 17 So. Rep. 211; 9 Gray (Mass.) 382; 193 Ill. 304; 9 Mich. 405; 17 Wall (U. S.) 496; 33 Ind. App. 149; 55 Pac. 639; 95 U. S. 204; 44 Cal. 366; Vol. 14 N. M. Rep. p. 164; Secs. 3955, 3960 C. L.; 55 Pac. 667.

Statute applicable to registration of mortgages. Chap. 120 Gen. Stat. 1897; 44 Pac. 872; Sec. 1648, 1 Hill's Code; 39 Pac. 639; 44 Pac. 867; A. & E. Enc. of L., Vol. 3.

REED HOLLOMAN, for appellee.

In good faith. 5 N. M. 442; 14 N. M. 164; Secs. 3955, 3960 C. L. 1897.

## OPINION.

NEBLETT, D. J.—This is an action in replevin. The case was tried below upon the following stipulation of facts:

## STIPULATION.

"It is agreed by and between the parties to this action that the facts therein are as follows, to-wit:

That heretofore the defendant, Lucinda Jordan, had a chattel mortgage upon the property described in the plaintiff's complaint: That suit was brought by said Lucinda Jordan against the maker of said chattel mortgage, to-wit J. B. Whittaker and Mrs. J. B. Whittaker;

That judgment was obtained by said Lucinda Jordan against the said J. B. Whittaker and his wife foreclosing said chattel mortgage; that afterwards Oscar O. Gregg was appointed Special Master to sell said property under order of the Court; that Charles L. Hunt, the plaintiff in this cause, was not a party to that action; that Oscar O. Gragg

took possession of said property as such Special Master, having an order of the Court to take possession of said property, and to sell the property and satisfy the judgment; that at the time said Oscar O. Gragg took possession of said property, said property was in the possession of and under the control of said Charles L. Hunt; that all of said property that was taken by said Oscar O. Gragg was in the possession of and under control of Charles L. Hunt; that on the 18th day of March, A. D. 1912, J. B. Whittaker sold to said Charles L. Hunt all of the property described in the complaint, executing a bill of sale therefor; and that on said date Charles L. Hunt paid to J. B. Whittaker for said property the sum of Two Hundred Fifty-four 37-100th ($254.37) Dollars.

It is admitted that plaintiff, Charles L. Hunt, had actual knowledge that there was of record a chattel mortgage against said property that had not been satisfied at the time of the transfer of the said property to said Charles L. Hunt, which said mortgage is the one that has been heretofore mentioned in this finding of fact; that the suit to foreclose said mortgage was filed on the first day of April A. D., 1912, being subsequent to the date of the purchase of the said property by said Charles L. Hunt; that said mortgage was filed and recorded on the 10th day of March, A. D. 1910, and that the same was never renewed by filing any affidavit or statement whatsoever of record as provided by law for the renewal of chattel mortgages; it is admitted that the mortgage became due one year after date; that the bill of sale of said property to Charles L. Hunt was made on the 18th day of March, A. D., 1912; that the first suit to foreclose said mortgage was filed on the first day of April A. D., 1912; that the first time any attempt was ever made to renew said mortgage by filing any statement of record was on the 19th day of April, A. D. 1912."

Upon this agreed statement of facts the trial Court rendered judgment for the plaintiff, Charles L. Hunt, that the property described in the complaint is the property of said plaintiff and that he is entitled to the possession thereof, and that he recover his costs.

Counsel for the appellee in his brief says: "The decision ·of this case rests upon the construction of Sec. 2362, C. L. 1897. The appellee in this case purchased the property involved from a mortgagor knowing at the time of the purchase that the mortgage was unsatisfied. However, the mortgage was more than one year old, and had been on record for more than one year, and had never been renewed ·as provided by Sec. 2362."

The statute on renewals of Chattel Mortgages, Sec. 2362 ·of the Compiled Laws of 1897, is as follows:—

"Every mortgage so filed shall be void as against the creditors of the person making the same, or against subsequent purchasers, or mortgagees in good faith, after the expiration of one year after the filing thereof, unless within thirty (30) days next preceding the expiration of the term ·of one year from such filing, and each year thereafter the mortgagee, his agent or attorney, shall make an affidavit exhibiting the interest of the mortgagee in the property :at the last aforesaid, claimed by virtue of such mortgage, and if such mortgage is to secure the payment of· money, the amount yet due and unpaid; such affidavit shall be attached to, and filed with the instrument or copy on ·file to which it relates."

Section 2363 provides "If such affidavit be made and ·filed before any purchase of such mortgaged property shall ·be made, or other mortgage deposited, or lien obtained thereon in good faith, it shall be as valid to continue in effect such mortgage, as if the same had been made and filed within the period above provided."

The agreed statement of fact upon which the case was tried specifically admits that defendant in error at the time he purchased the property covered by the mortgage held by Lucinda Jordan, knew of the existence of such mortgage and that it had not been satisfied. It is admitted that he had actual knowledge of such facts. The failure to record a chattel mortgage is not fatal to the instrument nor does it effect its validity as between the parties or those with actual notice thereof. Kitchen vs. Shuster, 14 N. M. 176.

It being conceded therefore that defendant in error had actual notice of the existence of the mortgage as well as of the .fact that it was unpaid at the time he made the purchase of the property in question, it only remains to be determined whether or not by reason of the failure to refile such mortgage, the mortgage lien of Lucinda Jordan was thereby rendered invalid as to him.

By C., L. Sec. 2361 instruments having the effect of a mortgage on personal property are to be acknowledged and recorded in the same manner as conveyances effecting real estate.   C. L. Secs. 3955 and 3960 declare that the effect of failure to record the latter is simply that the instrument shall not be valid as against purchasers and mortgagees in good faith *without notice.*   (14 N. M. 176.)   There is no specific statute providing that a chattel mortgage must be recorded to retain its priority over a subsequent attaching or execution creditor, or over a subsequent purchaser or mortgagee in good faith, but it nust be unqualifiedly admitted that in this jurisdiction such recordation is necessary (Vorenberg vs. Bosserman 17 N. M. 433). In the light of these observations what was the legislative intent in enacting Sec. 2362?   A filing or refiling chattel mortgage act is clearly not for the purpose of continuing the mortgage lien as between the parties, but is for the protection of creditors and bona fide purchasers without notice. Sandford vs. Mumford, 48 Northwestern 876. The mere fact that a comma follows the word purchasers in Sec. 2362 cannot operate to cause a strained and unnatural construction of that section, to the effect that the words "in good faith" must apply only to subsequent mortgagees. Any   subsequent mortgagee would become a creditor of his mortgagor but would be a secured creditor. To hold that the intendment of the statute, then, is, that a failure to file validates the instrument as to subsequent mortgagees with actual notice, but invalidates it as to subsequent purchasers with like notice would be an absurdity.   Such was clearly not the intent of the legislature, and omitting the comma after the word 'purchasers' such meaning cannot be read into the statute.

Punctuation is not part of a statute and in construing statutes, or deeds, Courts should read them with such stops as will give effect to the whole. Hammock vs. Farmers Loan & Trust Co. 105, U. S. 77, 26 Law Ed. 1113. Sedgwick Stat. and Const. Law 2nd Ed. 223. In Hamilton vs. The Hamilton, 16 Ohio St. N. S. it was said: "But for the punctuation as it stands, there could be but little doubt that this was the meaning of the legislature. Courts will, however, in the construction of statutes, for the purpose of arriving at the real meaning and intention of the law makers disregard the punctuation or repunctuate if need be, to render the true meaning of the Statute."

It is therefore our conclusion that in order for this statute to be effective as to a subsequent purchaser such purchaser must be a purchaser in *good faith*.

A purchaser in good faith is one who buys honestly for a valuable consideration and without notice., 4 New Mexico, 78.

"The words 'good faith' in a statute are synonymous with 'without notice' ". Reiderer vs. Plaff, 61 Fed. 872, 873.

The defendant in error having admitted that he had actual knowledge, at the time of his purchase of the mortgaged property, that a chattel mortgage existed covering the same and that such mortgage had not been paid or satisfied, he is precluded from the protection afforded by said Sec. 2362. The judgment of the lower Court is reversed, and the District Court of Quay County is directed to enter judgment in favor of the appellants. And, It Is So Ordered.