427 P.2d 890

**C. W. RIGGS, d/b/a Riggs Motor Company, and Aetna Casualty & Surety Co., Plaintiffs-Appellants,**

v.

**James GARDIKAS, d/b/a Gardikas Fruit Company, Crager G. M. C., Inc., Western States Collection Agency and National Surety Corporation, Intervenors-Appellees.**

No. 8216.

Supreme Court of New Mexico.

May 22, 1967.

**6**

Toulouse, Ruud, Gallagher & Walters, Albuquerque, for appellants.

Smith & Ransom, Gary D. Reagan, Albuquerque, for Gardikas Fruit Co.

Thomas E. Davis, Albuquerque, for Crager G.M.C.

Addison L. Strong, Albuquerque, for Western States Collection Agency.

Lawrence Buchmiller, Albuquerque, for National Surety Corp.

OPINION

NOBLE, Justice.

Plaintiff below, C. W. Riggs, doing business as Riggs Motor Company, had acted as agent for James Talbot, Inc., a used-truck and equipment company of Phoenix. Over a period of years, Riggs had sold Harvey C. Maddux a number of trucks and tractors on time payments, taking a lien for the unpaid portion of the purchase price. Title to the equipment was assigned to Maddux subject to the lien, and, in the past, he had filed conditional sales contracts with the proper state department when registering his title. In 1965, Maddux either bought or leased from Riggs the four units here involved but failed to file the contracts as requested and as he had in the past. Although Riggs characterizes the agreement as to one trailer unit

a "rental" or "lease" agreement, the findings are somewhat inconclusive on this point, and neither party contends different rules of law govern this particular unit. Some time thereafter, Maddux brought the tractors and trailors to New Mexico and the intervenors, judgment-creditors of Maddux, levied writs of execution and attachment against the four units through the sheriff of Bernalillo County. Prior to an execution sale, Riggs learned of what was transpiring, filed a replevin action against the sheriff and posted a surety bond conditioned upon satisfying and answering the writs of execution and attachment. The trial court concluded this replevin was wrongful and entered judgment against Riggs and its surety for the amount of the intervenors' judgments, for double damages under the provisions of § 22–17–12, N.M.S.A.1953, and for attorneys fees. This appeal followed.

We feel the rights of the parties are governed by the Uniform Motor-Vehicle Administration Act, being § 64–1–1 et seq., N.M.S.A.1953. The briefs raise no conflict of laws questions, agreeing that the laws of this State respecting registering certificates of title, liens and lease agreements control. We note in passing that § 28–325, Ariz.Rev.Stat., is virtually identical to § 64–5–1, N.M.S.A.1953.

It is likewise undisputed that all the units are within the scope of the Motor-Vehicle Administration Act. Sec. 64–3–2, N.M.S.A.1953. Sec. 64–1–15(b), N.M.S.A. 1953, defines "owner," within the context of the act, to be:

"A person who holds the legal title of a vehicle or in the event a vehicle is the subject of an agreement for the conditional sale or lease thereof with the right of purchase upon performance of the conditions stated in the agreement and with an immediate right of possession vested in the conditional vendee or lessee, or in the event a mortgagor of a vehicle is entitled to possession, then such conditional vendee or lessee or mortgagor

shall be deemed the owner for the purpose of this act."

The trial court specifically found that these units were subject to conditional sales or lease contracts and that the vendee, Maddux, had the right to the immediate possession thereof. He was, accordingly, an "owner" for purposes of the Motor Vehicle Act.

Having established these two operative elements, the clear language of § 64–5–1, N.M.S.A.1953, compels the conclusion that Maddux' and Riggs' failure to file the conditional sales contracts rendered them invalid as to the intervening judgment-creditors of Maddux. The pertinent portion of this statute reads:

"(a) No conditional sale contract, conditional lease, chattel mortgage, or other lien or encumbrance or title retention instrument upon a vehicle of a type required to be registered hereunder, other than a lien dependent upon possession, is valid as against the creditors of an owner acquiring a lien by levy or attachment or against subsequent purchasers or encumbrancers without notice until the requirements of this article have been complied with.

"(b) There shall be deposited with the division [of motor vehicles] the original or a copy of the instrument creating and evidencing the lien or encumbrance which instrument shall be executed in the manner required by the laws of this state. * * * *"

■ Riggs, however, seeks to avoid the operation of the statute by relying on the trial court's supplemental finding that at the time the sheriff took possession of the equipment under the writs of execution, Maddux informed him of the liens held by Riggs. Thus, asserting that the sheriff was an agent of the judgment-creditors, Riggs argues that this notice given to the sheriff was imputed to the judgment-creditors. We agree that the statute affords no protection to a creditor with actual knowledge of a prior conditional sale or lease agreement. Cf., Hunt v. Gragg, 19 N.M. 450, 145 P. 136. Compare, Brown v. Burlington Hotel Corp., 202 N.C. 82, 161 S.E. 735. However, without here reaching the question of the sufficiency of the notice, we think such notice, to be effectual, must be brought home to the execution-creditor, not merely to the sheriff. The sheriff in execution of such writs is acting as an officer of, or as an agent of, the law, not necessarily as agent of the party who procures service of the writ. The sheriff in such capacity is merely a nominal party. Thomas v. Richards, 69 Wis. 671, 35 N.W. 42.

■ In so holding, we recognize a difference of opinion as to whether notice to a sheriff is imputed to an attaching or levying creditor. 47 Am.Jur., Sales, § 919; Annot., 72 A.L.R. 168; Annot., 159 A.L.R. 676. Riggs relies primarily on Lyle Culvert & Road Equipment Co. v. J. F. Anderson Lumber Co., 46 S.D. 366, 193 N.W. 58, and Edwards v. Walker, 162 Misc. 96, 293 N.Y.S. 1007, both analyzed and criticized in N.B.I. Corp. v. Keller, 175 Misc. 231, 23 N.Y.S.2d 59, aff'd 261 App.Div. 881, 25 N.Y.S.2d 1017, which relies upon Universal Credit Co. v. Knights, 145 Misc. 876, 261 N.Y.S. 252. We feel the better reasoning is set out in 1 Jones, Chattel Mortgages and Conditional Sales, § 311 (Bowers Ed. 1933):

"Notice by a debtor to a sheriff when he was proceeding to attach or to levy upon property is not notice to the creditor for whom the levy is made. * * * '* * * if notice by the debtor to the sheriff were held sufficient, it would almost render nugatory the statute requiring mortgages of personal property to be recorded; for if the mortgagee could depend upon the custody, care, and diligence of the mortgagor, it would not be necessary to record any such mortgage. It would only be necessary, when any one came to attach, that notice should be given.'" [Quoting in part from Stowe v. Meserve, 13 N.H. 46.]

See, also, McCarthy v. Grace, 23 Minn. 182; Rawson Mfg. Co. v. Richards, 69 Wis. 643,

35 N.W. 40; compare Brown v. Smith, 55 Iowa 31, 7 N.W. 401.

■ The trial court's denial of Riggs' motion to re-open the case to hear additional evidence concerning notice on the part of the judgment-creditors was not an abuse of discretion, at least in view of the court's supplemental finding that the sheriff was advised of the existence of the liens. Primus v. City of Hot Springs, 57 N.M. 190, 256 P.2d 1065, does not require a contrary determination. The abuse of discretion there was the failure to permit re-opening to offer proof of appointment of a personal representative to bring a wrongful death action. The real parties in interest in Primus were three infants. The court had a duty to protect their interests, and not permit them to be prejudiced by counsel's oversight. See Haden v. Eaves, 55 N.M. 40, 226 P.2d 457. We have often said that a motion to re-open a case to permit the taking of additional testimony is addressed to the sound discretion of the trial court. Latta v. Harvey, 67 N.M. 72, 352 P.2d 649; Burruss v. B. M. C. Logging Co., 38 N.M. 254, 31 P.2d 263; Holthoff v. Freudenthal, 22 N.M. 377, 162 P. 173. This court is always loath to interfere with that discretion, and in our view, this is not a case calling for such interference.

■ Riggs next argues that double damages were erroneously assessed because there was no finding (1) that the action was brought in bad faith, or (2) of unreasonable delay in prosecuting the case. The words of the statute "with effect" mean with success. Vigil v. Johnson, 60 N.M. 273, 291 P.2d 312. The statute takes no cognizance of the party's motive in bringing a wrongful replevin, nor do we find merit in the contention that recovery of damages is dependent upon proof of both "with effect" and "without unreasonable delay." Such an interpretation would result in an absurdity or irrationality. Gage v. Chicago, 201 Ill. 93, 66 N.E. 374; Foster v. Sawyer County, 197 Wis. 218, 221 N.W. 768; Gusthal v. Board of Aldermen,

23 App.Div. 315, 48 N.Y.S. 652. When Riggs failed in his negligence suit, he was a tortious invader of the property rights of the execution-creditors, with damages based upon the loss of use of the property imposed from the time of delivery and doubled by the statute. Giannini v. Wilson, 43 N.M. 460, 95 P.2d 209; McCallister v. M-A-C Finance Co., 332 F.2d 633 (10th Cir. 1964); Roth v. Yara, 19 N.M. 8, 140 P. 1071; Wirt v. George W. Kutz & Co., 15 N.M. 500, 110 P. 575. In Roth v. Yara, supra, it was said:

> "It is thus to be observed that in replevin actions a defendant may not only recover the property and damages for the unjust caption or detention thereof, but shall have judgment, if plaintiff fails to prosecute his suit with effect, for the value of the property taken, and double damages for the use of the same from the time of delivery, * * *."

Even though the penalty may be harsh, so is a wrongful replevin. If damages by reason of a wrongful replevin are proven, the court has no option but to double them if requested. No question has been presented as to the amount of damages. The elements of damage were the proximate and material result of the replevin action, and having been pleaded and proven as special damages were properly allowed.

■ We agree that it was error to award attorneys fees to the intervenor, National Surety Corporation, for defending the replevin action. It seems to be well settled in this jurisdiction that absent statutory authority or rule of court, attorneys fees are not recoverable as an item of damages. Lanier v. Securities Acceptance Corp., 74 N.M. 755, 398 P.2d 980; Keller v. Cavanaugh, 64 N.M. 86, 324 P.2d 783. See, also, Banes Agency v. Chino, 60 N.M. 297, 291 P.2d 328. No such authority has been shown.

The cause is remanded with direction to vacate the judgment and to enter a new judgment eliminating only the attorneys fees awarded the intervenor, National

Surety Corporation. In all other respects, the judgment is affirmed.

It is so ordered.

COMPTON, J., and HENSLEY, Jr., C. J., Court of Appeals, concur.