This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

     Plaintiff-Appellee,

v.                    **NO. 30,574**

**BENJAMIN GAMBLE,**

     Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY**
**Thomas A. Rutledge, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Chief Public Defender
Carlos Ruiz de la Torre
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**KENNEDY, Judge.**

     Defendant appeals his conviction for aggravated battery (deadly weapon). We issued a calendar notice proposing to affirm. Defendant has responded with a

memorandum in opposition. We note that Defendant has reorganized the order of his issues as they are argued in his memorandum. For consistency purposes, we address the issues in the order they were originally raised. We affirm.

**Issue 1:** Defendant continues to argue, pursuant to *State v. Franklin*, 78 N.M. 127, 129, 428 P.2d 982, 984 (1967), and *State v. Boyer*, 103 N.M. 655, 658-60, 712 P.2d 1, 4-6 (Ct. App. 1985), that he was entitled to review the NCIC reports for some of the State's witnesses. [MIO 9] The State made an oral representation to the district court that they were not in possession of any NCIC materials that would be admissible at trial. [MIO 5] Defendant does not dispute our calendar notice, which observed that he did not request an in camera review by the district court to ascertain the veracity of the State's representation, nor did Defendant request that the materials be made part of the record and sealed for this Court's review. As such, we are not in a position to consider Defendant's claim. *See State v. Martin*, 101 N.M. 595, 603, 686 P.2d 937, 945 (1984) (observing rule that matters not of record cannot be reviewed on appeal); *see also State v. Druktenis*, 2004-NMCA-032, ¶ 44, 135 N.M. 223, 86 P.3d 1050 ("It is [the d]efendant's obligation to provide this Court with a sufficient record proper."). In addition, any prejudice is purely speculative. *See In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 10, 121 N.M. 562, 915 P.2d 318 ("An assertion of prejudice is not a showing of prejudice.").

**Issue 2:** Defendant continues to argue, pursuant to *Franklin* and *Boyer*, that the

district court erred in denying his motion for a directed verdict. [MIO 13] "The question presented by a directed verdict motion is whether there was substantial evidence to support the charge." *State v. Dominguez*, 115 N.M. 445, 455, 853 P.2d 147, 157 (Ct. App. 1993). A sufficiency of the evidence review involves a two-step process. Initially, the evidence is viewed in the light most favorable to the verdict. Then the appellate court must make a legal determination of "whether the evidence viewed in this manner could justify a finding by any rational trier of fact that each element of the crime charged has been established beyond a reasonable doubt." *State v. Apodaca*, 118 N.M. 762, 766, 887 P.2d 756, 760 (1994) (internal quotation marks and citation omitted).

In order to support Defendant's conviction for aggravated battery with a deadly weapon, the evidence had to show that Defendant intentionally struck Victim with a beer bottle, and that the beer bottle was a deadly weapon, meaning that it could cause death or great bodily harm. [RP 119] In this case, Defendant and other witnesses testified that Defendant struck Victim over the head with a beer bottle. [MIO 2-4] Defendant did not deny the incident, but relied on a self-defense theory. [MIO 3-4] The jury was free to reject his version of events. *See State v. Sutphin*, 107 N.M. 126, 131, 753 P.2d 1314, 1319 (1988). With respect to the beer bottle, it was not only capable of causing great bodily harm, but did so in this case, resulting in a serious head injury that a physician characterized as potentially fatal. [MIO 7] As such, the

evidence was sufficient to support the conviction.

**Issue 3:** Pursuant to *Franklin* and *Boyer*, Defendant claims that the district court erred in allowing Victim to testify as a rebuttal witness to matters that other witnesses had already testified about. [MIO 12] Defendant has not pointed out how this constituted error, and has not cited authority to support his claim that he should have the "last word" on this matter. Even if there was error, it does not constitute reversible error because Defendant concedes that this is merely a situation involving cumulative testimony. *See State v. Crain*, 1997-NMCA-101, 124 N.M. 84, 946 P.2d 1095 (stating that erroneously admitted evidence is insufficiently prejudicial if it is cumulative of other evidence).

**Issue 4:** Defendant continues to claim that he was entitled to a self-defense instruction for non-deadly force, in addition to the deadly force self-defense instruction that was given. [MIO 6; 122] However, the jury was instructed that it could consider a conviction for aggravated battery with a deadly weapon, or aggravated battery with great bodily harm. [RP 119, 121] No lesser-included instruction was given. As such, our calendar notice proposed to hold that the non-deadly force self-defense instruction that was tendered, UJI 14-5181 NMRA [MIO 7] was not applicable because the jury would have had to find that "[t]he force used by defendant ordinarily would not create a substantial risk of death or great bodily harm . . . ." UJI 14-5181[4]. If that were the case, the jury would have acquited Defendant of the two

4

charges against him because the evidence would not have supported the essential elements of these crimes.

In his memorandum in opposition, Defendant argues that the jury could have found that he used non-deadly force, but that it nevertheless caused great bodily harm. [MIO 7] We note that Defendant was found guilty on the deadly weapon alternative, and was therefore acquitted on the great bodily harm alternative, *See State v. Fernandez*, 117 N.M. 673, 680, 875 P.2d 1104, 1111 (Ct. App. 1994) (observing rule that appellate courts do not review acquittals). With respect to the deadly weapon charge, we reiterate that the jury would have necessarily found him not guilty under Defendant's theory without having to resort to a separate self-defense instruction because of the essential elements of this crime. [RP 119]

For the reasons set forth above, we affirm.

**IT IS SO ORDERED.**

_____
**RODERICK T. KENNEDY, Judge**

**WE CONCUR**:

_____
**MICHAEL D. BUSTAMANTE, Judge**

_____

**JONATHAN B. SUTIN, Judge**