W. J. WEIR v. SALLIE E. PAGE et al.

*Contract—Evidence—Married  Women—Mechanic's Lien.*

Plaintiff, under a contract with the husband of defendant, did work and furnished material in the construction of a building on defendant's separate real property; defendant knew that the work was being done and materials furnished, and made no objection: *Held*, there was no evidence of any valid contract with defendant, nor could her property be subjected to the satisfaction of plaintiff's claim for compensation.

CIVIL ACTION, tried before *Winston, J.*, at the April Term, 1891, of the Superior Court of WAKE County.

The action was originally brought against Rufus H. Page and Sallie E. Page his wife, but Rufus H. Page died before the complaint was filed, and his personal representative has never been made a party, and the action is prosecuted against Sallie E. Page alone.

The plaintiff seeks to enforce a claim and lien for work and labor done and material furnished on the property of Rufus H. Page and the separate property of the *feme* defendant, as set out in the complaint.

The defendant, in her answer, says that she was informed by her husband, now deceased, that he had contracted with the plaintiff, or the firm of Hammill & Weir, to do some work on the property mentioned in the complaint, some of which was her separate property, and that the same was to be paid for in the manner set out in the answer; but she denies that said contract was for or on her behalf, and she denies that her said husband had any power or authority to bind her by said contract, but that her said husband was to be solely responsible for the same and to pay in the manner particularly stated in the answer; she denies that any one had any authority from her to make the contract alleged in the complaint.

W. J. Weir test fied in his own behalf that he had a contract with Rufus H. Page to do the brick-work and plastering on two houses on Saunders street; that he made the contract with Rufus H. Page, and never had a word of conversation with Sallie E. Page about the houses; that Ellington lives in one and Mrs. Page in the other; that the value of the work done on the property of Rufus H. Page was $5.87 and the residue, amounting to $1,571.11, was done on the property of Mrs. Page; that $771.11 has been paid on the claim, and no other sum; that he owed Page only a small sum when the work was begun; that Rufus H. Page gave his individual note for the amount due in settlement of the whole claim upon which the suit is brought.

The defendant, Mrs. Sallie E. Page, introduced as a witness for the plaintiff, testified that she knew that work was being done on both the Saunders street lots and on the wood-yard lot at the time, and went around several times and saw the work going on; that she did not authorize her husband to contract for any work on these houses; that she knew who did the work; that Stanley and Thomas were the carpenters and Hammill & Weir were the contractors for the brick and plaster-work; that she raised no objection to the work that the plaintiffs did on the place.

The plaintiff proposed to ask this witness what was her husband's pecuniary condition in 1877, to show that the plaintiff did not rely on the husband for payment, but relied on his lien, and also to corroborate Weir's statement to this effect. This was objected to by the defendant, and excluded by the Court, and the plaintiff excepted.

This witness further testified that she did not direct or authorize any change in the buildings; that she expected to rent the places out; that in 1877 Mr. Page was operating with money borrowed on the wood-yard property; that the wood-yard property was under mortgage when she took it.

The defendant offered in evidence an account, rendered by the plaintiff, at the foot of which was the following: "Settled by due bill. Raleigh, N. C., January 17th, 1878," and signed by W. J. Weir.

The plaintiff was recalled and testified, after objection from the defendant, that he did not give the paper referred to in lieu of his lien, but told Rufus H. Page that he would rely on the statutory lien.

"The Court charged the jury that there was no evidence of any contract to bind the separate property of the *feme* defendant, and that her property cannot be subjected to the lien of the plaintiff's claim. To this charge the plaintiff excepted, and assigned the same as error. The plaintiff insisted that the husband was agent for his wife, and besides

that, the separate estate was bound under the whole evidence. The Court being of contrary opinion so held, and plaintiff excepted and appealed."

*Mr. S. G. Ryan,* for plaintiff.
*Messrs. J. B. Batchelor* and *John Devereux, Jr.,* for defendants.

DAVIS, J.: The plaintiff bases his claim and lien for work and labor done and material furnished upon a contract made with Rufus H. Page, the deceased husband of the defendant. It is well settled that unless a married woman be a free trader, as prescribed by statute, *The Code,* §§ 1827, 1828 *et seq.,* she is incapable of making any executory contract, affecting her real or personal estate, except as allowed in § 1826 of *The Code.* We deem it sufficient to refer to these sections of *The Code* and to *Farthing* v. *Shields,* 106 N. C., 289, and the authorities there cited, in which the subject is considered, as conclusive of the correctness of the ruling of his Honor below.

But counsel for the plaintiff says the defendant's property has been greatly enhanced in value by the work and labor done and material furnished, and that she enjoys the benefit of this increased value at the expense of the plaintiff, and upon broad principles of equity *ex equo et bono,* he is entitled to compensation and ought to be paid by the defendant, who enjoys the benefit of the increased value. The only answer to this—and so far as this Court is concerned or has power, it is conclusive—is that the law to which reference has been made clearly and explicitly declares otherwise, unless the work and labor had been done and the material furnished under a contract allowed by law. It is the duty of this Court to construe and declare the law, and it is not within its province to make or alter it.

The Constitution of North Carolina secures to every married woman the sole and separate estate in her real and per-

sonal property, independent of her husband, as if she were a *feme sole.* Having, in relation to her separate estate, all the *rights* of a *feme sole*, whether and to what extent her protecting disabilities ought to be removed, and her liabilities, in dealing with her separate estate, as to all persons other than her husband, made commensurate with her rights, and whether such alterations in the law would not prevent much injustice and many frauds, are questions to be addressed to the wise consideration and sound discretion of the law-making power, and not to the Court.

No error.