B. E. THOMPSON v. THOMAS W. TAYLOR et al.

*Lien—Contract—Married Women—Evidence.*

1. The separate estate of a married woman cannot be subjected to the satisfaction of a lien for improvements thereon, although the improvements were made with her knowledge, unless the contract upon which the lien is based was executed by her in the manner prescribed by law.

2. In an action to enforce such lien it was not error to exclude evidence that the improvements were made with the knowledge of the married woman, and that she subsequently used them, there being no allegation of fraud or other evidence of a valid contract with her.

CIVIL ACTION, originally commenced before a Justice of the Peace for the county of Nash, and carried by appeal to the Superior Court of said county, and tried before *Whitaker, J.,* at the Spring Term, 1891.

The plaintiff claims pay for a balance due on an account against the husband defendant for work and labor and material furnished to build a house on the land of the *feme* defendant, and he seeks to enforce his lien upon the land of the *feme* defendant, filed in the office of the Superior Court Clerk of Nash County.

The *feme* defendant denies that she made any contract with the plaintiff. She says that Thomas Taylor had a house built on her land, but he did not contract in her name for the building of the same, nor had he any authority to do so, and whatever is due to the plaintiff is due from the defendant Thomas Taylor, and he and his creditors have her permission to remove the house from her land, but she denies that she or her land is in any way liable for the plaintiff's claim.

The issues submitted, by consent, to the jury were—

THOMPSON v. TAYLOR.

1. Is *feme* defendant liable for the account claimed by plaintiff?

2. Is her land, or any part thereof, subject to lien for the payment of said account?

The following evidence was offered by plaintiff:

"The plaintiff testified that he furnished the lumber to build the house on the land of *feme* defendant and also worked on the house, and that there is due for the same the sum of $98.54."

The following questions were submitted to the witness, objected to by *feme* defendant; objection sustained by the Court, to which plaintiff excepted, to-wit:

1. Did *feme* defendant know that you were furnishing the lumber and labor for the building of this house?

2. Did you have any conversation with *feme* defendant while you were delivering the lumber and working on the house?

3. Was she present when the lumber was being delivered?

4. Did she live in the house after it was finished?

Thomas W. Taylor testified that he is the husband of *feme* defendant, and that the house was built upon her land, and that plaintiff's account is correct, and the amount claimed by him is due.

The following questions were propounded to this witness, to which the *feme* defendant objected; objections were sustained by the Court, and the plaintiff excepted, to-wit:

1. Did you and your wife live in the house after it was finished?

2. Was this house built at the request of your wife?

3. Did your wife know that the plaintiff was furnishing lumber to build the house?

The Court then announced that it would hold that no lien could be created upon the separate real estate of *feme* defendant, except by an instrument executed according to the statute, and that mere silence would not estop her.

The plaintiff admitted that no such instrument had been executed, whereupon the Court directed the jury to answer No to each of the issues, to which the plaintiff excepted.

The plaintiff excepted to the judgment, upon the ground of error in his Honor's exclusion of the testimony offered, and in directing the jury to respond No to the issues as above indicated, and appealed from the judgment rendered.

*Messrs. G. W. Blount* and *F. A. Woodard* (by brief), for plaintiff.

*Mr. John Devereux, Jr.,* for defendant.

DAVIS, J.: No fraud is alleged or suggested, and it is too well settled to need discussion that no contract can bind a married woman, not a freetrader, unless executed in the manner prescribed by law. *Farthing* v. *Shields,* 106 N. C., 289; *Weir* v. *Page,* 109 N. C., 220.

But the counsel for the plaintiff say: "We rely on *no promise* (express or *implied*) of the *feme* defendant, but upon the *law,* which makes the contract for her, at least to the extent of having satisfaction out of her land to the extent of the value of the materials furnished and labor done in improving it."

Counsel say: "The statute on which we rely is that in *The Code,* ch. 41, § 1, "Every building built, rebuilt, repaired, together * * * with the necessary lots on which said building may be situated, * * * shall be subject to a lien for work done on the same or material furnished." "Does coverture constitute an exception which will relieve the *feme* defendant's land from liability?"

The argument is an ingenious one, but counsel fail to note the words of the statute which subject the property only to "a lien for the payment of all debt contracted for work done on the same," etc. Evidently the contract must be made, not by the law, but by some one capable of con-

tracting. The statute did not intend to give a lien to a person who officiously, and without contract or authority, builds a house upon the land of another.

The plaintiff, without the authority of the *feme* defendant, built the house upon her land, and he cannot hold her or her land responsible for his work and labor or material furnished.

Affirmed.