GEORGE A. NICHOLSON v. WILLIAM E. NICHOLS.

*Mechanic's Lien—Contract With Owner of Land.*

Unless a contract, express or implied, is made with the owner of the land, no lien can attach thereon for work done or materials furnished for erecting or repairing buildings thereon.

This was a CIVIL ACTION to enforce a mechanic's lien, tried upon appeal from a Justice's Court, before *Hoke, J.,* and a jury, at the Special Term, 1894, of the Superior Court of Alamance County. The plaintiff claimed that the defendant was indebted to him in the sum of $45, and interest thereon from January 1, 1893, due for work and labor done and for material furnished in the erection of an ell to defendant's house, under a contract with the defendant. The defendant denied that he had contracted with plaintiff for the construction of said ell.

The following issues were submitted to the jury:

"1. Is defendant indebted to the plaintiff, if so in what amount?

"2. Has plaintiff a valid lien upon the property?"

The only witness examined was the plaintiff, who testified in his own behalf as follows?

"That he is a carpenter, and in the summer of 1892 he built an ell to defendant's house; that he furnished the material—lumber, weather-boarding, shingles, etc.; that the size of the ell was 12x14, one story. There were two rooms in the main building. Mrs. Nichols, mother of defendant, and an aunt of defendant, lived in the house at this time. Witness built this main building house some time before the summer of 1892. Witness made contract to build the ell with the mother. Witness had built and completed this house (that is, the main building) for $200, under a contract in writing with defendant before this time; of this $200

defendant paid $100 and Mrs. Nichols $100. Defendant told witness in reference to this contract that he and his mother would pay as fast as they could make the money; the ell was built by contract made with mother of defendant. When defendant was North, and sometime after the main building had been completed under the original contract, witness saw defendant sometime after he had built the ell, when defendant told him he would have paid him if he had not put the matter in the hands of a lawyer, but that now he could get it the best way he could. It was worth more than $50 to build the ell; Mrs. Nichols had paid $5 on contract for building the ell. Nichols the defendant was not at home when the ell was built; he was in Rhode Island. Before Nichols left to go to Rhode Island plaintiff asked him to have an ell built and let him (plaintiff) do the work; defendant said he was not able to have it done, but as soon as he got able he would give the job to plaintiff. Mrs. Nichols, mother of the defendant, had been using the ell since it was built.

On cross-examination, witness said that he built the first house under written contract with defendant; that he never had a word with defendant about building the ell; that defendant was in Rhode Island at the time that he made the contract to build the ell with defendants' mother, who told him that she would pay him along as she could; that he knew the deed to the lot was made to W. E. Nichols; brother of plaintiff had sold the lot to Nichols; the mother of Nichols had bargained for the land, but the deed was made to W. E. Nichols, defendant.

The plaintiff rested, and the Court announced that there was no evidence that the plaintiff ever contracted with the defendant, and directed the jury if they believed the evidence to answer the first issue Nothing, and the second No. To which plaintiff excepted. There was a verdict for defendant, and plaintiff appealed.

*Messrs. J. E. Boyd* and *W. H. Carroll* for plaintiff (appellant).

*Messrs. C. E. McLean* and *L. M. Scott* for defendant.

PER CURIAM: It is well settled that there can be no lien in cases of this character, unless the work was done or materials furnished under a contract either express or implied. *Weir* v. *Page,* 109 N. C., 220; *Thompson* v. *Taylor,* 110 N. C., 70. There is no evidence of any such contract in this case.

                                                        Affirmed.