WEATHERS & CROWDER v. J. S BORDERS and wife.

*Mechanic's Lien—Married Woman—Charge on Separate Estate.*

The separate estate of a married woman is not subject to a lien for labor done or materials furnished for its improvement under a verbal contract of herself and husband.

CIVIL ACTION, begun in the Court of a Justice of the Peace to enforce a mechanic's and laborer's lien and heard on appeal before *Norwood, J.*, at Spring Term, 1897, of CLEVELAND Superior Court. The facts are stated in the opinion of the Court. From the judgment dismissing the action as to the *feme* defendant the plaintiffs appealed.

*Messrs. Webb & Webb* for plaintiffs (appellants.)
No counsel *contra.*

FAIRCLOTH, C. J.: Defendant and her husband contracted with plaintiffs verbally, to have a house built on her land and materials furnished for the building. The house was built and paid for except $37.81. Defendants, alleging that bad work was done and inferior material used, refused to pay the balance. Plaintiffs sue for balance and ask to have their judgment declared a lien on the house and lot. This is the only question. Plaintiffs admitted the contract was not in writing and thereupon his Honor held that they could not recover on their own showing and adjudged that the *feme* defendant go without day and that plaintiffs have judgment against the husband for the balance. Plaintiffs appealed from that part of the judgment dismissing the action as to the *feme* defendant.

It has already been held that a wife cannot subject her land or separate interest therein, in any way, except by a regular conveyance executed as required by the Statute, and then the *intent* to charge her separate estate must appear on the face of the instrument creating the liability.

She may charge her personal estate by herself or by an agent, for her necessary personal expenses, or for the support of her family, or to pay her ante-nuptial debts, without the written assent of her husband, and may make him her agent to manage her separate estate. *Code*, Section 1826; *Thompson* v. *Taylor*, 110 N. C., 70; *Loan Association* v. *Black*, 119 N. C., 323; *Bazemore* v. *Mountain*, 121 N. C., at the present Term.

She cannot ratify a void contract. See second case cited *supra*. No error. Judgment affirmed.

Affirmed.