## PAYNE & DECKER BROS. v. L. D. FLACK and WIFE.

(Filed 17 May, 1910.)

**Liens—Material Men—Husband and Wife—Agency—Subcontractor —Notice.**

> In an action to enforce a lien for material furnished for the house of a *feme covert*, being repaired on her land with her assent (Revisal, 2016), it may be shown in defense that she had contracted with her husband for the repairs; and when there is evidence tending to show that plaintiff furnished the husband with the materials, the plaintiff is a subcontractor, and her payment to the husband in full before notice given by the material men (Revisal, 2020) frees her from liability to them.

APPEAL from *Webb, J.,* at February Term, 1910, of RUTHERFORD.

Action commenced before a justice of the peace to foreclose a lien for material furnished for the repair of a house of a *feme covert.* The facts are sufficiently stated in the opinion of the Court.

*J. L. C. Bird* and *J. T. Perkins* for plaintiff.
*Pless & Winborne* and *D. F. Morrow* for defendant.

CLARK, C. J. In *Weir v. Page,* 109 N. C., 220, the Court felt constrained to hold, as the law then stood, that where a party under contract with the husband did work and furnished material in the construction of a building on the wife's property, that he could file no valid lien against the house, though the wife, knowing that the work was being done and material furnished, had made no objection. This was because of the fact that "the work and labor had not been done and the material furnished under a contract allowed by law." But the Court, speaking through *Judge Davis,* in order to prevent further frauds of this kind being perpetrated, suggested in the opinion to the consideration of the Legislature whether a married woman's liabilities might not be "made commensurate with her rights and whether such alterations in the law (in this particular) would not prevent much injustice and many frauds." The result was the enactment of a statute (which is now the last paragraph in Rev., 2016) which is as follows: "This section shall apply to the property of a married woman when it shall appear that such building was built or repaired on her land with her consent *or* procurement, and in such cases she shall be deemed to have contracted for such improvements."

PAYNE *v.* FLACK.

This statute does not make her house liable to lien only upon a contract by her, but provides that when she "consents or procures" the building to be erected or material furnished, she shall be *deemed to have contracted* for such improvement, and that her property thereupon becomes subject to lien, if filed. In *Finger v. Hunter,* 130 N. C., 529, this statute was held constitutional and was enforced, and that case has been approved in *Ball v. Paquin,* 140 N. C., 96, and other cases.

In the present case, however, the plaintiffs put in evidence the *feme* defendant's testimony, in another trial, that she made a contract with her husband to put these repairs upon the building and had paid him the full amount due on such contract before the plaintiffs gave her notice of their claim. This evidence was furnished by the plaintiffs and was not contradicted, and therefore must be taken as true. It was also in evidence, without contradiction, that the plaintiffs sold the material to the husband. Therefore the plaintiffs were subcontractors, and having failed to "give notice before settlement," Rev., 2020, the defendant contends, in his brief, that the wife is not liable any more than any one else would be.

This is not a case of a married woman standing silent when improvements are being placed upon her house, receiving the benefit, and then defying the contractor because she had made no valid express contract. In such case the statute now makes her property subject to lien, upon the implied contract arising upon her conduct, as it would in regard to any one else under the same circumstances. But here she paid the contractor in full before receiving notice from the subcontractors, the material men, and is freed from liability to them, as any one else would be upon the same state of facts. *Pinkston v. Young,* 104 N. C., 102.

Upon the plaintiffs' evidence, the judgment of nonsuit was proper.

Affirmed.