WEATHERS & PERRY v. FRANCIS COX, RECEIVER, GRAND
THEATER COMPANY, ET ALS.

(Filed 30 October, 1912.)

**Liens—Registration—Lessor and Lessee—Provisions Against Les-
sor's Liability—Interpretation of Statutes.**

Under a lease of lands, duly recorded, which provided that
the lessees were to construct or erect on the leased premises a
building at a cost to be not less than a certain sum, which shall
be the property of the lessor at the termination of the lease;
and that the lessor "shall not be chargeable for any contracts or
liabilities, whether arising from negligence or otherwise" of the
lessee: *Held*, a lien filed for material furnished the lessee in
the construction of the building erected by him is in no wise a
claim or lien on the building as against the interest of the lessor,
upon the termination of the lease under a forfeiture clause con-
tained therein.

APPEAL by plaintiff from *Bragaw, J.*, at April Term, 1912,
of WAKE.

Action heard on appeal from a justice's court.

The plaintiff filed his complaint, amended by leave of court,
stating his cause of action and his claim for a lien on the
premises, in effect as follows: "That on 15 September, 1909,
the owners of the property conveyed same to Grand Theater
Company, by written lease, for the term of ten years, with
privilege of renewal for five additional years, at a stated and
increasing rental per annum, with a clause giving the landlords
a lien for the rent and one of forfeiture in case of nonpayment.
There was a provision in the lease that the lessees were to con-
struct or erect on the premises, for use in their business, a the-
ater and auditorium, to cost not less than $6,000, and a cov-
enant, on the part of the lessees, that, at the termination of the
lease, the improvements on the property should belong to the
lessors, the owners of the property, and the contract contained
further the following stipulation: "10. It is mutually under-
stood between the party of the first part and the party of the
second part, that the party of the second part shall have leave
to make improvements upon the auditorium building, but not to
make any alterations or changes that will tend to decrease the

value of or in any way damage said building; and, further, that the party of the first part shall be in no wise chargeable for any contracts or liabilities, whether arising from negligence or otherwise, of the said Grand Theater Company"; that said lease, having been duly registered according to law, the property was put in possession of the lessees, the Grand Theater Company, who proceeded to construct the auditorium and improve the premises, pursuant to the terms. Plaintiffs had an unpaid claim amounting to about $100 for plastering and papering the hall, under a contract with the Grand Theater Company, and the said company, the lessees, having become insolvent, and the lease forfeited for nonpayment of rent, plaintiffs instituted this action against the lessors, the owners of the property, to recover the amount due and to enforce same as a valid lien against the landlord's ownership and interest. A demurrer to demand, as stated, was sustained by the court, and plaintiffs excepted and appealed.

*T. H. Calvert* for plaintiff.
*Jones & Bailey* for defendant.

HOKE, J. Our statute relating to the question presented (Revisal, sec. 2016) is in terms as follows: "Every building built, rebuilt, repaired, or improved, together with the necessary lots on which such building may be situated, and every lot, farm, or vessel or any kind of property, real or personal, not herein enumerated, shall be subject to a lien for the payment of all debts contracted for work done on the same or material furnished. This section shall apply to the property of married women when it shall appear that such building was built or repaired on her land with her consent or procurement, and in such case she shall be deemed to have contracted for such improvements"; and the decisions with us have uniformly held that, in order to a valid lien, under its provisions, the relation of creditor and debtor must be first established, and, applying the principle that the property of a lessor could not be held for the debt of the lessee, unless a contract to pay on the part of the lessor could be expressly shown or reasonably inferred from the circumstances. *Boone v. Chatfield,* 118 N. C., 916; *Nich-*

WEATHERS *v.* COX.

*olson v. Nichols,* 115 N. C., 200; *Bailey v. Rutjes,* 86 N. C., 517; *Wilkie v. Bray,* 71 N. C.; 205; Boisnot on Liens, sec. 289.

Not only do the facts in the present case fail to show any contract on the part of the lessor or any conduct from which such a contract could be equitably and reasonably inferred, but, in the lease itself, duly registered under the requirements of law, Revisal, sec. 980, there appears a provision expressly negativing any and all liability on the part of the landlord for the contracts or liabilities of the lessee. Speaking to this question, in *Bailey v. Rutjes, supra, Ruffin, J.,* said: "But in the case at bar, the defendants, if their testimony is to be believed, had leased the premises to Rutjes for five years, and he had undertaken to have the improvements made which called for the use of the lumber furnished by the plaintiff. They were therefore absolutely without the power either to give or to withhold their sanction to its delivery and use, and ought not to be required to pay for it, unless they knew, or had reason to believe, that the plaintiff was looking to them for pay for his lumber, and allowed him to deliver it under that expectation and without objection on their part." And the case of *Boone v. Chatfield* is an authority decisive against plaintiff, on the facts stated in the complaint. The lease having been avoided under a forfeiture clause contained in the instrument for nonpayment of rent, and there being no contract shown, on the part of the lessor, expressed or implied, the interest of the owners may not be subjected to plaintiff's claim. 2 Jones on Liens, sec. 1273, in which it is said: "A mechanic's lien attaches to a lessee's leasehold estate, subject to all the conditions of the lease, although the lessee has made valuable improvements, which are to become the property of the lessor at the end of the term or which are to revert to him upon his failure to perform the covenants of the lease. Upon the lessee's default, the property reverts to the lessor, free from the lien of mechanics, unless these are in some way protected by the statute."

We were referred by counsel to numerous authorities in which a mechanic's or material man's lien, arising by reason of a contract for improvements, through or with the lessee, had been enforced against the interest of the lessor, but all of these, so

far as examined, were on statutes which in terms provided for such a liability or were on contracts in which the lessee was held to have contracted as agent for the lessor. Thus, in *Haus v. Amusement Co.,* 236 Ill., 458, the lien was given by statute "where the contract for improvements was made with the owner or with one whom the owner has authorized or *knowingly permitted* to contract for such improvements," etc., and in *Burke v. Harper,* 79 N. Y., 273, the statute made provision for the lien on the property "where the contract for repairs, etc., was made by the owner or his agent or . . . with any person permitted by the owner to build, repair, or improve the same." But, on a different statute, substantially similar to our own, the New York Court held that a lien for improvements, made under contract with the lessee, could not be enforced against the interest of the landlord. *Knapp v. Brown,* 45 N. Y., 207. In *Kremer v. Walton,* 11 Washington, 120, it was held that under the terms of the lease the contract for improvements was made for the lessor, and the lien was therefore enforcible against his interests; but, under a lease like this now before us, the same Court, *Mills v. Gordon,* 8 Washington, held: "That the liens of mechanics and material men, for labor performed and material furnished in the alteration and repair of buildings, at the instance of the lessee thereof, attached only to the leasehold interest, and do not bind the owner in the absence of authority to the lessee to act as his agent."

In the present lease, as we have heretofore shown, the improvements were to be made by the lessee, and any and all liability of the owners therefor is expressly negatived. There is no error, and the judgmentt sustaining the demurrer is

Affirmed.