W. P. ROSE v. L. F. DAVIS and Wife, CLYDE N. DAVIS.

(Filed 8 October, 1924.)

1. **Liens—Statutes—Subcontractors—Material—Prepayment by Owner to Contractor.**

The liens given the furnisher of material on the building of the owner to the contractor, etc., are strictly statutory; and no lien can be acquired therefor unless notice has been given, as the statute requires, while the owner still owes the contractor a balance upon the contract to be prorated among those who have a like claim; nor is it contemplated or provided by the statute that this will be altered by reason of the owner paying the contractor by agreement in advance of his work. C. S., 2438.

2. **Same—Married Women—Husband and Wife.**

The liens given to those furnishing material to the contractor and used in the construction of houses against the owner, are now applicable to married women.

APPEAL by plaintiff from *Horton, J.,* at February Term, 1924, of LENOIR.

Civil action for debt against L. F. Davis and to enforce a lien upon his wife's property for materials furnished and used in the erection of a building thereon.

Judgment was entered against L. F. Davis and this is not questioned, but no lien was allowed upon his wife's property, and from this part of the judgment, plaintiff appeals.

*Rouse & Rouse and Kenneth C. Royall for plaintiff.*
*Sutton & Greene for defendant, Clyde N. Davis.*

STACY, J. The pertinent facts, established by the verdict or not disputed, are as follows:

1. During the year 1920, the *feme* defendant, Mrs. Clyde N. Davis, and one Samuel Abbott were the owners and tenants in common of a lot of land in the town of LaGrange, N. C.

2. As owners they entered into a contract with L. F. Davis, husband of the *feme* defendant, and a contractor by trade, to erect a theatre building on said lot at and for the agreed price of $15,000.00, paying for the same in advance.

3. Some of the materials used in the construction of this building were purchased from the plaintiff by the defendant, L. F. Davis.

4. Upon the completion of the theatre, Samuel Abbott sold his interest in the building and lot to Mrs. Clyde N. Davis.

5. Shortly thereafter, the building was destroyed by fire, and the plaintiff attempted to file a lien against the lot and attached the

ROSE *v.* DAVIS.

insurance money paid as a result of the loss, alleging a balance of $3,255.83 due him for materials furnished and used by the said L. F. Davis in the erection of the building.

6. These materials were sold to L. F. Davis on open account and not to the owners of the property. The plaintiff himself testified: "I sold these materials to Mr. Davis on open account, and never sold any of them to Mrs. Davis."

7. No notice was given to Mrs. Clyde N. Davis of plaintiff's claim until after the building was destroyed by fire. The contractor had been paid in full before the building was erected.

The appeal presents the question as to whether, under the facts stated, plaintiff is entitled to enforce a lien against the property for materials furnished by him and used by the contractor in the building of said theatre. We think not. Such was the direct holding in *Payne v. Flack,* 152 N. C., 600.

This conclusion rests, not upon the fact that the property in question is owned by a married woman, for liens may now be acquired against the property of married women (C. S., 2434), but it is bottomed on the circumstance of no notice to the owner before settlement with the contractor. C. S., 2438. Plaintiff seeks to meet this position by saying that, as the contractor was paid in advance, he had no opportunity of giving any notice to the owner prior to settlement with the contractor, and hence it should be held that none was necessary. In answer to this, it is sufficient to say that liens are statutory, and the statute gives no lien to a subcontractor or laborer in such a case. *Building Supplies Co. v. Hospital Co.,* 176 N. C., 87.

C. S., 2437, in terms provides that all subcontractors and laborers who are employed to furnish, or who do furnish, labor or material for the building, repairing or altering of any house or other improvement on real estate, shall have a lien on said house and real estate for the amount of such labor done or material furnished, when notice thereof shall be given as required by law; "but the sum total of all the liens due subcontractors and materialmen shall not exceed the amount due the original contractor at the time of notice given." *Supply Co. v. Eastern Star Co.,* 163 N. C., 513.

The policy of the law is to protect subcontractors and laborers against loss for labor done and material furnished in building, repairing or altering any house or other improvement on real estate, to the extent of the balance due the original contractor at the time of notice to the owner of claims therefor, but it is not provided that the owner shall be liable in excess of the contract price, unless he continue to pay after notice of claim from the subcontractor or laborer, and then only to the extent of such payments after notice. "After such notice is given, no

payment to the contractor shall be a credit on or discharge of the lien herein provided." C. S., 2438.

Where the original contractor has been paid in advance, or when the owner has settled with him in full prior to notice of any claim from a laborer or materialman for work done or material furnished and not paid for, there is no provision in the statute whereby a subcontractor may acquire a lien against the property, or sue the owner for the value of such claim. And while this may work an apparent hardship in some cases, it would doubtless prove more hurtful in general if the law were otherwise. *Hardware Co. v. Graded Schools,* 150 N. C., 680. Objections readily suggest themselves. Suppose, for example, a contractor wanted to pay a debt by building a house for his creditor. Would the law deny him this privilege? Liens are given to subcontractors and those who furnish labor, materials and supplies, to the end that they may force collection from their debtor, the original contractor, and not for the purpose of rendering the owner primarily liable for such claims, except where proper notice has been given before settlement with the contractor. *Mfg. Co. v. Andrews,* 165 N. C., 285.

The general principles underlying the statutes on the subject, and the reasons for their embodiment into legislative enactments, are discussed at length by *Allen, J.,* in *Ingold v. Hickory,* 178 N. C., 614, and *Foundry Co. v. Aluminum Co.,* 172 N. C., 704. We are content to rest our decision upon the law as stated in these cases. It would only be a work of supererogation to repeat in substance here what has been so recently said in these decisions.

We have discovered no ruling or action on the part of the trial court which we apprehend should be held for reversible error. The verdict and judgment will be upheld.

No error.