PEARCE-YOUNG-ANGEL COMPANY v. S. STERNBERG ET AL.

(Filed 16 June, 1930.)

1. **Laborers' and Materialmen's Liens O b—Where owner has paid con-tractor in full before notice of materialman's claim the owner is not liable.**

    A material furnisher for a building may not acquire a lien against the property or hold the owner liable when the owner has paid the contractor in full before receiving notice of the claim from the materialman.

2. **Appeal and Error E h—Surety's liability on bond of contractor not presented in this case.**

    The liability of a surety or indemnitor is not presented on appeal when judgment in the lower court is not sought against him, and the question is not there presented by the pleadings or evidence.

APPEAL by defendant, S. Sternberg & Co., from *Johnson, Special Judge,* at November Special Term, 1929, of BUNCOMBE.

Civil action instituted by plaintiff, owner, against J. H. Fisher, con-tractor, and certain materialmen, to have the balance of the contract price, $433.09, which plaintiff has paid into court, distributed among the rightful claimants, to remove the liens filed against plaintiff's prop-erty as clouds upon its title, and to have the plaintiff discharged from all liability, personal or other, to the defendants, or any of them, on account of the erection and materials furnished and used in the con-struction of a warehouse in the city of Asheville.

A reference was ordered (presumably by consent) and the matter heard by F. W. Thomas, Esq., who found the facts and reported the same, together with his conclusions of law, to the court. On exceptions duly filed to the report of the referee, the same was modified and affirmed, the court finding "that the last payment made by owner, Pearce-Young-Angel Co., to J. H. Fisher, contractor, was made 4 De-cember, 1926, and before the said claim of S. Sternberg & Co. was filed with said owner," and adjudged that said claimant was neither entitled to a lien against plaintiff's property, nor "entitled to recover of any of the parties hereto," from which judgment the said S. Sternberg & Co. appeals, assigning errors.

*Carter & Carter for plaintiff.*

*Clinton K. Hughes and Vonno L. Gudger for Carolina Bonding and Insurance Company.*

*Bernard, Williams & Wright for S. Sternberg & Co.*

STACY, C. J. In the face of the finding that appellant's claim was not filed with the owner until after the last payment had been made to

. the contractor, which is not challenged by any exception (and which means in the light of the record that the surety or indemnitor completed the building at the instance of the owner and not for and on behalf of the contractor), we fail to see any error in the judgment, as it affects tho rights of the owner and said claimant, of which the latter can complain. The liability of the owner for appellant's claim is the only question presented by the appeal.

When the owner has paid the contractor in full, prior to receipt of notice of claim from a laborer or materialman for work done on or material furnished and used in the construction of a building, there is no provision in the statute whereby such laborer or materialman may acquire a lien against the property, or hold the owner liable for the value of such claim. *Rose v. Davis,* 188 N. C., 355, 124 S. E., 576.

Appellant is not demanding judgment against the contractor, and the surety or indemnitor, while apparently participating in the trial, and has filed a brief in this Court, seems not to have been named in the summons, nor did it file any pleading in the cause.

Appellant makes no point of the fact that the small amount paid into court by the plaintiff will be consumed in costs and other claims.

In this view of the record, it becomes unnecessary to discuss the liability of the surety or indemnitor, debated on oral argument and in briefs.

Affirmed.