C. A. HONEYCUTT, BILTMORE BUILDERS' SUPPLY COMPANY AND TRUMBO & SON, INC., v. KENILWORTH DEVELOPMENT COMPANY, W. C. WEST AND WIFE, SERGUNIA WEST, J. F. HAZELRIGG AND J. C. MILLER.

(Filed 10 September, 1930.)

**Laborers' and Materialmen's Liens A a—Where contractor is not owner and has no contractual relationship with owner, laborers' lien does not attach.**

The right of laborers and materialmen to a lien upon a building is exclusively statutory, and the statute does not give a right of lien upon a lot where the principal contractor is not the owner and does not have any contractual relationship with the owner, and where by mistake a building is erected on the lands of another who has not contracted there-

for or agreed thereto, the laborers and material furnishers have no statutory right of lien against him, and this result is not affected .by the fact that the present owner of the title to the *locus in quo* acquired with knowledge of the facts.

CIVIL ACTION, before *MacRae, Special Judge,* at February Term, 1930, of BUNCOMBE.

The evidence tended to show that the Kenilworth Development Company owned a certain lot of land in Kenilworth, Buncombe County. This land had been subdivided into various lots. The defendants, West and Hazelrigg, purchased lot No. 13 of said subdivision, but inadvertently the purchasers thought they had purchased lot No. 7, Block-N of said development. Lot No. 7 belonged to the defendant, Kenilworth Development Company, and was situated some five or six lots from lot No. 13 purchased by West and Hazelrigg. Subsequently West and Hazelrigg undertook to build a house on lot No. 7. The plaintiffs furnished labor and material for said house. Honeycutt furnished material amounting to $493.31. The Biltmore Builders' Supply Company furnished material amounting to $939.22, and the amount furnished by Trumbo & Son was $237.64. Each of said materialmen duly filed a lien on said lot No. 7. The defendant Miller had also furnished material for said building. After the building was under construction the mistake was discovered and West and Hazelrigg approached the Kenilworth Development Company and requested said company to execute and deliver to them a deed for lot No. 7 in exchange for lot No. 13. The evidence further tended to show that on or about 30 August, 1928, Kenilworth Development Company executed a deed for lot No. 7 to West and Hazelrigg. This deed was never delivered because upon examination of the record it was disclosed that lot No. 13 was covered by a mortgage and thereupon Kenilworth Development Company refused to proceed any further with the exchange.

It further appears that the Kenilworth Development Company executed and delivered to the defendant Miller a deed for said lot No. 7, but it does not appear when this was done. It does appear, however, that at the time the conveyance was made to Miller that the Kenilworth Development Company knew that material liens were claimed against lot No. 7 and that Miller, the purchaser, knew the situation. Miller paid $1,200.00 for said lot No. 13.

There was also evidence to the effect that Miller had participated in a meeting with the materialmen and understood that West and Hazelrigg were undertaking to procure a deed from the Development Company for lot No. 7 before he purchased the same.

At the conclusion of the evidence the trial judge nonsuited the action as to Kenilworth Development Company and J. C. Miller, and directed

the jury to answer the issues so that the materialmen secured judgment
for the amount of their respective claims against West and Hazelrigg.
The judgment further directed that the liens filed by the claimants on
lot No. 7 be canceled.

From the foregoing judgment plaintiffs appealed.

*Edward H. McMahan for Biltmore Builders' Supply Company.*
*Jos. W. Little for Trumbo & Son.*
*Merrimon, Adams & Adams for Kenilworth Development Company.*

BROGDEN, J. The particular point presented by this appeal is whether
the plaintiffs are entitled to a lien upon lot No. 7.

The defendant, Kenilworth Development Company, owned lot No.
7, but the record does not disclose any contract or agreement whatever
between said Development Company and West and Hazelrigg who
undertook to build a house thereon. In other words, West and Hazel-
rigg, through mistake, purchased building material and commenced
the erection of a house on a lot which they did not own, and, therefore,
there existed no contractual relation between West and Hazelrigg and
the defendant Development Company. The plaintiffs furnished material
for said building to West and Hazelrigg, and they were also ignorant
of the mistake in the ownership of the lot.

The lien law of this State is C. S., chapter 49. The statute gives a
lien upon "every building . . . together with the necessary lot on
which such building is situated, etc." But neither the statute nor the
decisions construing it, permit a lien to be filed on a lot upon which a
third person has "squatted" or undertaken to erect a building without
title thereto and without a contract or agreement express or implied
with the owner thereof. *Weir v. Page,* 109 N. C., 220, 13 S. E., 773;
*Nicholson v. Nichols,* 115 N. C., 200, 20 S. E., 294; *Weathers v. Cox,*
159 N. C., 575, 76 S. E., 7; *Brick Co. v. Pulley,* 168 N. C., 371,
84 S. E., 513; *Rose v. Davis,* 188 N. C., 355, 124 S. E., 576; *Lumber
Co. v. Motor Co.,* 192 N. C., 377, 135 S. E., 115. Thus in *Foundry
Co. v. Aluminum Co.,* 172 N. C., 704, this Court said: "The lien for
labor done and materials furnished is given by statute to enforce the
payment of a debt, and the general principle underlying the lien laws
is that the relation of debtor and creditor must exist and that there can
be no lien without a debt."

The question of law is discussed in a note appearing in 3 North
Carolina Law Review, p. 62 *et seq.* In that article it is stated that the
basis for establishing the relationship of creditor and debtor between
the owner and materialman applies "where the principal contractor

has (1) a contract with the owner to improve his land, or (2) where the owner has consented to such improvements."

In the case at bar the evidence does not disclose that West and Hazelrigg had any contract with the Kenilworth Development Company for building said house or that the Development Company procured or consented to the erection of a dwelling upon lot No. 7. The lien law in this State is exclusively statutory and no warrant of law appears justifying the enforcement of liens upon lot No. 7 upon the facts as now presented.

We therefore hold that the judgment of nonsuit was properly entered.

Affirmed.