W. A. BROWN v. BURLINGTON HOTEL CORPORATION and J. F. SOMERS.

(Filed 8 January, 1932.)

1. **Sales I b—Where conditional sale contract has not been registered a subsequent purchaser acquires title free from its lien.**

Where, in an action against a hotel corporation to recover the balance due on a refrigerating plant or to recover possession thereof, the evidence discloses that the plant was sold to the hotel corporation's lessee under a title-retaining contract, and that the hotel corporation had purchased it from its lessee, giving a certain number of shares of its capital stock in payment, and that at the time of the purchase by the hotel corporation from its lessee the conditional sales contract had not been registered, C. S., 3312, *Held:* no notice however full and formal can supply notice by registration, and evidence of knowledge of the hotel corporation that the full purchase price had not been paid is immaterial, and the hotel corporation acquired the title to the property by its purchase from its lessee free from the lien of the conditional sales contract, and its motion as of nonsuit should have been allowed.

**2. Laborers' and Materialmen's Liens C b—Notice to owner before payment by him is necessary to claim of lien for material furnished contractor.**

Where the lessee of a hotel corporation purchases a refrigerating plant and installs it in the hotel building, and sells it to the hotel corporation, the lessee's vendor may not claim a lien against the hotel building for the balance of the purchase price where he has not given the hotel corporation notice of the balance due him before the hotel corporation has paid the full purchase price to the lessee. C. S., 2438.

APPEAL by defendant, Burlington Hotel Corporation, from *Stack, J.,* at November Term, 1930, of ROWAN. Reversed.

This is an action to recover of the defendants the sum of $4,000, balance due on the purchase price of a refrigerating plant sold and delivered by the plaintiff to the defendant, J. F. Somers, and at his request installed by the plaintiff in a hotel building in the city of Burlington, owned by the defendant, Burlington Hotel Corporation, and leased by said corporation to its codefendant, J. F. Somers; and for the possession of said refrigerating plant by virtue of the terms of the contract between plaintiff and the defendant, J. F. Somers, providing that the title to said refrigerating plant was retained by and should remain in the plaintiff until the purchase price thereof had been paid in full.

On 11 March, 1925, plaintiff entered into a contract in writing with the defendant, J. F. Somers, by which plaintiff sold to said defendant a refrigerating plant to be delivered to him in the city of Burlington, and there installed by the plaintiff in a hotel building owned by the defendant, Burlington Hotel Corporation. The agreed purchase price of said refrigerating plant was $7,500, to be paid as follows: $3,500—30 days after the date of shipment; $2,000—6 months after the date of shipment, and $2,000—9 months after the date of shipment. The said refrigerating plant was shipped and installed by the plaintiff in accordance with the terms of his contract. The defendant, J. F. Somers, has paid on the purchase price of said refrigerating plant the sum of $3,500. On 1 July, 1925, he executed and delivered to plaintiff two notes, each for $2,000, due and payable six and nine months after date, respectively. These notes were executed by said defendant, and accepted by the plaintiff in accordance with the terms of their contract. Neither of said notes has been paid. The defendant, J. F. Somers, has been duly adjudged a bankrupt in a proceeding begun and pending in the District Court of the United States for the Western District of North Carolina. He was discharged of his indebtedness in June, 1927, as provided by the act of Congress. It is admitted that said discharge is a bar to plaintiff's recovery of the said defendant in this action.

On 3 March, 1924, the defendant, Burlington Hotel Corporation, entered into a contract in writing with its codefendant, J. F. Somers, by which the said corporation leased to the said J. F. Somers, for a term of twenty years, its hotel building in the city of Burlington. By the terms of said contract, the said J. F. Somers agreed to install at his own expense in said hotel building the kitchen equipment and storage or refrigerating plant, provided for in the specifications for said hotel building. It was agreed that upon the installation in said hotel building of said kitchen equipment and storage plant, by the said J. F. Somers, the Burlington Hotel Corporation should issue to him shares of its capital stock of the par value of $10,000. It was further agreed that upon the issuance of said shares of stock to the said J. F. Somers, the said kitchen equipment and storage plant should be the property of the Burlington Hotel Corporation.

In September, 1925, after the refrigerating plant sold to the defendant J. F. Somers by the plaintiff had been installed in its hotel building, the Burlington Hotel Corporation issued to the defendant, J. F. Somers, certificates for shares of its capital stock of the par value of $10,000. At the date of the issuance of these certificates, the president of the Burlington Hotel Corporation was informed by him that the notes for $4,000, executed by J. F. Somers and payable to the order of the plaintiff, were outstanding and had not been paid.

The contract between the plaintiff and the defendant, J. F. Somers, contains the following clause:

"It is mutually understood and agreed by and between the parties hereto that the title to the above property shall be and remain in the party of the first part, W. A. Brown, until the full amount of the purchase price, expenses and all charges as set out herein, with interest on the same at the rate of 6 per cent per annum, payable semiannually, shall have been paid in full."

At the date of the execution of the contract between plaintiff and the defendant, J. F. Somers, they were both residents of Rowan County, North Carolina. The contract was recorded in the office of the register of deeds of Rowan County on 9 August, 1926. It had been previously recorded in the office of the register of deeds of Alamance County on 15 June, 1926. The city of Burlington is in Alamance County.

The contract between the defendant, Burlington Hotel Corporation, and the defendant, J. F. Somers, by which the said corporation leased its hotel building in the city of Burlington, to the said J. F. Somers, upon the terms fully set out therein, was recorded in the office of the register of deeds of Alamance County on 1 December, 1924.

The foregoing are the material facts shown by the evidence offered at the trial by the plaintiff. At the conclusion of this evidence, the defendant, Burlington Hotel Corporation, moved for judgment as of nonsuit. This motion was denied, and defendant excepted.

The defendant then tendered an issue as follows:

"1. Was the plaintiff's conditional sale agreement registered at the time the Burlington Hotel Corporation paid J. F. Somers for the refrigerating plant?"

The court refused to submit this issue, and defendant excepted to such refusal.

The issues submitted to and answered by the jury were as follows:

"1. Did the defendant, Burlington Hotel Corporation, contract with J. F. Somers to have installed in its hotel building a refrigerating plant as alleged in the complaint? Answer: Yes.

2. If so, did the defendant, J. F. Somers, contract with the plaintiff, W. A. Brown, to furnish the material and install the refrigerating plant in said hotel building for $7,500, as alleged in the complaint? Answer: Yes.

3. If so, what amount is now due the plaintiff as a balance on said contract? Answer: $4,000, with interest from 1 July, 1925.

4. Did the defendant, Burlington Hotel Corporation, through its officer and president, know of the contract between W. A. Brown and J. F. Somers, and, if so, did said corporation through its president see the work as it progressed and see the material as it went into its hotel building? Answer: Yes.

5. In what amount, if any, is the Burlington Hotel Corporation indebted to the plaintiff, W. A. Brown? Answer: $4,000, with interest from 1 July, 1925."

In apt time, the defendant objected to the submission of each of the foregoing issues. To the refusal of the court to sustain said objections, defendant excepted.

From judgment that plaintiff recover of the defendant, Burlington Hotel Corporation, the sum of $4,000, with interest from 1 July, 1925, and the costs of the action, the defendant appealed to the Supreme Court.

*Hudson & Hudson and Woodson & Woodson for plaintiff.*
*W. S. Coulter and Hayden Clement for defendant.*

CONNOR, J. On the cause of action alleged in his complaint, the only relief to which plaintiff is entitled in this action as against the defendant, Burlington Hotel Corporation, is a judgment for the possession of the refrigerating plant which the plaintiff sold to the defendant, J. F.

Somers, and which he installed in the hotel building owned by the defendant corporation. He alleges that in the contract by which he sold said refrigerating plant, he retained the title thereto until the purchase price had been paid in full; that the purchase price has not been paid in full; and that the defendant, Burlington Hotel Corporation, is not an innocent purchaser of said refrigerating plant, for that it purchased and paid for the same, with knowledge that the purchase price had not been paid in full by his vendee, J. F. Somers. The evidence offered by the plaintiff at the trial shows, however, that at the time the defendant, Burlington Hotel Corporation, paid for the said plant, by the issuance of shares of its capital stock to the defendant, J. F. Somers, in accordance with its contract with him, the conditional sale agreement under which plaintiff claims title to the said plant, had not been registered either in Rowan County where both the plaintiff and J. F. Somers resided at the date of their contract, or in Alamance County, where the plant was located at the commencement of this action. There was evidence tending to show that the president of the Burlington Hotel Corporation knew when he delivered the certificates for the capital stock of said corporation to J. F. Somers, that the said J. F. Somers had not paid the said purchase price in full; there was no evidence, however, tending to show that said president knew that in the contract between plaintiff and the said J. F. Somers, the title to the plant had been retained by the plaintiff. This, however, is immaterial, for in the absence of the registration of the conditional sale agreement in the proper county, no notice of its contents or terms, however full and ample, can affect the title acquired by the Burlington Hotel Corporation by its purchase of the refrigerating plant from J. F. Somers. C. S., 3312. For this reason there was error in the refusal by the trial court of defendant's motion for judgment as of nonsuit, at the close of the evidence offered by the plaintiff. There was no evidence offered by the defendant. The action should have been dismissed as of nonsuit. C. S., 567.

Conceding that by a liberal construction of the allegations of the complaint, a cause of action is alleged therein on which plaintiff is entitled to judgment that he has a lien on the hotel building owned by the defendant, Burlington Hotel Corporation, for the sum of $4,000, and interest, under the provisions of C. S., 2438, plaintiff cannot recover on this cause of action for the reason that there was no evidence at the trial tending to show that plaintiff gave notice of his claim, as a subcontractor, to the defendant, Burlington Hotel Corporation, as owner of the hotel building, before the payment by said corporation to J. F. Somers of the amount due him. *Rose v. Davis,* 188 N. C., 355, 124 S. E., 567.

There was error in the refusal of the court to allow defendant's motion made at the close of the evidence. The action should have been dismissed by judgment as of nonsuit. For this reason it is not necessary to consider the assignments of error based upon the exceptions with respect to the issues. The judgment is

Reversed.