Action to enforce lien for materials furnished to the contractor for a building being erected on land of defendants Moseley.
Plaintiffs alleged that during the year 1936 defendants Moseley contracted with defendant Ipock to erect a building on described lands, Ipock to furnish all labor and materials; that plaintiffs sold and delivered to said Ipock certain building materials which were used in said building, and that there is a balance due plaintiffs of $516.21; that on 15 July, 1936, notice of these facts was served on defendants Moseley, and they were notified to retain, out of the amount due said Ipock *Page 364 
under the contract, the amount due plaintiffs for the materials furnished; that material furnisher's lien was duly filed 30 July, 1936. Defendants Moseley answered admitting that they contracted with defendant Ipock to construct a building for them on defendants' land, and that the contractor purchased certain materials from plaintiffs, but that at the time notice was given them of plaintiffs' claim they were not indebted to the contractor in any amount, that they had overpaid him; that when the materials were furnished defendants advised plaintiffs of the terms of the contract, that there was nothing due to the contractor, and that they would not be responsible for materials furnished him.
Plaintiffs offered in evidence the contract between defendants Moseley and Ipock, showing that the contract price was $4,958.59, and that payments thereon were due as follows:
"(1) When foundation and basement walls are completed, $540.00; (2) when framing and sheathing is completed, $760.00; (3) when roofing and face brick work and rough wiring, plastering, windows, basement floor and tile work is completed, $1,520; (4) when interior trim is completed, $540.00; (5) the balance when the building is completed and accepted, $1,598.59."
Plaintiffs also offered evidence tending to show the delivery by plaintiffs of building materials for the erection of defendant's building of the value alleged, and that at the time notice was given defendants, Ipock had practically quit the job. Plaintiffs offered defendant Ipock as a witness, who testified that on the contract price of $4,958.59 defendant Moseley paid him $2,000; that he did not complete the job; that this was due to disagreement between him and defendants Moseley; that he did none of the interior trim of the building, and did not finish roofing, face brick work, plastering, windows, etc. The basement floor was finished and rough wiring done. The plastering was done except some cement work. "It was between last of June to the first or middle of July I quit work on the job." The last money defendants paid was to plasterers.
Defendants demurred ore tenus to the complaint on the ground that it did not state facts sufficient to constitute a cause of action.
At the close of plaintiffs' evidence defendants' motion for judgment of nonsuit was allowed, and from judgment dismissing the action plaintiffs appealed.
An examination of the complaint would seem to justify defendants' demurrer ore tenus interposed in the court below and in this *Page 365 
Court, for it is nowhere alleged that at the time the notice of materialman's claim was given defendants there was anything due the contractor. The remedies by statutory liens, authorized by sections 2437, 2438, 2440, and 2442 of the Consolidated Statutes, under which plaintiffs' lien was filed and this action brought, are available only "before the owner shall have paid the contractor." Rose v. Davis, 188 N.C. 355,124 S.E. 576.
While upon the question whether at the time of notice to owner there is anything due the contractor, the burden of proof is upon the owner (LumberCo. v. Hayworth, 205 N.C. 585, 172 S.E. 194), the evidence in this case shows affirmatively that there was nothing due, and hence, under the statutes, plaintiffs' claim against the owners, the defendants Moseley, failed, and judgment of nonsuit was properly entered.
Judgment affirmed.