ROBERTS & JOHNSON LUMBER CO., ET AL., v. W. W. HORTON, ET AL.

(Filed 27 September, 1950.)

**1. Laborers' and Materialmen's Liens § 3—**

Materialmen can have no lien where the owners pay the contractor in advance more than the contractor had earned up to the time he abandoned the job and the claim was asserted.

**2. Same: Contracts § 5—**

An asserted promise by the owners to pay materialmen the amount due them by the contractor is unenforceable for want of consideration.

**3. Laborers' and Materialmen's Liens § 3: Frauds, Statute of, § 5—**

A parol promise by the owners to pay materialmen the amount due them by the contractor cannot form the basis of a claim of lien because of the statute of frauds.   G.S. 22-1.

APPEAL by plaintiffs from *Patton, Special Judge,* January Term, 1950, of HENDERSON.

Civil action to establish claim for materials furnished and used in construction of building and to enforce lien thereon.

The defendants, W. W. Horton and wife, Belva Horton, own a tract of land in Mills River Township, Henderson County.   In January, 1947, they engaged John W. Sumner, a contractor, to build a dwelling-house thereon and agreed to pay him $5,573.75 for a turnkey job or "complete job," as designated in the contract.

The plaintiffs sold to the contractor certain building materials, doors, locks, etc., which the contractor used in his work on the building. The last of the materials furnished by plaintiffs was delivered 27 April, 1948.

The contractor was paid $2,000 in advance and abandoned the job before it was completed. He had been overpaid for the work he had done up to that time. He was then indebted to the plaintiffs in the sum of $537.94 for materials furnished and used by him in his work on the "Hotron job."

Plaintiffs filed notice of claim in the Clerk's office 22 October, 1948. This action is to enforce lien against the building which was completed by the owners at a cost in excess of what they had agreed to pay the contractor.

Plaintiffs also allege that after the contractor had abandoned the work, the Hortons promised to pay the plaintiffs for the materials which they had furnished. This is denied by the Hortons.

The contractor, John W. Sumner, though named as party defendant, has not been served with process or summons, nor has he appeared or filed answer herein. A jury trial was waived, and at the close of the evidence, judgment of nonsuit was entered in the cause.

Plaintiffs appeal, assigning errors.

*W. E. Anglin for plaintiffs, appellants.*
*L. B. Prince for defendants, appellees.*

STACY, C. J. The question for decision is whether the evidence suffices to overcome the demurrer. The trial court thought not, and we agree.

It is clear that under the decisions in *Rose v. Davis,* 188 N.C. 355, 124 S.E. 576, and *Payne v. Flack,* 152 N.C. 600, 68 S.E. 16, the plaintiffs can enforce no lien against the building for materials furnished the contractor. The owners paid in advance for more than what the contractor had earned up to the time he quit the job, and at no time thereafter was he entitled to further compensation under his agreement. This defeats the plaintiffs' lien. *Dixon v. Ipock,* 212 N.C. 363, 193 S.E. 392; *Brown v. Hotel Corp.,* 202 N.C. 82, 161 S.E. 735.

Additionally, however, the plaintiffs say the owners later promised to pay them for the materials which they had furnished the contractor. This, the owners deny, and the plaintiffs' evidence reveals no more than a mere verbal nude pact or a bare oral promise to pay. No consideration is shown for the promise, *Stonestreet v. Southern Oil Co.,* 226 N.C. 261, 37 S.E. 2d 676; and the statute of frauds, G.S. 22-1, is also in plaintiffs' way.

The record discloses no reversible error, hence the conclusion and judgment of the court below will be upheld.

Affirmed.